UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 APR -4 P 3:56

CIVIL ACTION NO.

U.S. DISTRICT COURT
DISTRICT OF MASS

SEAN S. PIGGOTT, PRO SE
        PLAINTIFF,

VS

FLORIDA DEPARTMENT OF CORRECTION;
MASSACHUSETTS DEPARTMENT OF
CORRECTION; FLORIDA COMMISSIONER OF
CORRECTION "JOHN/JANE DOE" and
MASSACHUSETTS COMMISSIONER OF
CORRECTION KATHLEEN M. DENNEHY.
        DEFENDANTS.

CIVIL ACTION COMPLAINT

05 - 10702 NG

Referred to RB Collings

I. INTRODUCTION:

THIS IS A § 1983 (TITLE 42 U.S.C.A.) CIVIL RIGHTS ACTION FILED BY A STATE PRISONER WITHIN THE MASSACHUSETTS DEPARTMENT OF CORRECTION (CURRENTLY SERVING A MASSACHUSETTS SENTANCE WITH A FROM AND AFTER SENTENCE FOR THE STATE OF FLORIDA), SEEKING DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES, AGAINST THE ABOVE-NAMED DEFENDANTS, ALLEGING INTER ALIA, ONGOING VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS, THUS, ALLEGING THAT BOTH, THE STATE OF FLORIDA AND THE COMMONWEALTH OF MASSACHUSETTS, BY FAILING TO PROVIDE HIM WITH ADEQUATE LIBRARY IN REFERENCE TO (FLORIDA LAW) WHILE BEING HELD/SERVING TIME IN MASSACHUSETTS, IS DENYING HIM REASONABLE ACCESS TO THE COURTS AND EQUAL PROTECTION AS GUARANTEED BY TH FIRST AND FOURTEENTH AMENDMENTS.

II. JURISDICTION STATEMENT:

THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATIONS OF HIS FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C.A. § 1983 ET SEQ. AND THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER BOTH, THE PLAINTIFF'S STATE LAW CLAIMS AND STATE CONSTITUTIONAL CLAIMS, AS THE PLAINTIFF ALSO INVOKES THE PENDENT JURISDICTION OF THIS COURT.

III. PARTIES:

1. THE PLAINTIFF, SEAN S. PIGGOTT, IS A STATE PRISONER, FOR BOTH, THE COMMONWEALTH OF MASSACHUSETTS (CURRENTLY) AND THE STATE OF FLORIDA (FROM AND AFTER SENTENCE), PRESENTLY INCARCERATED AT SOUZA-BARANOWSKI CORRECTIONAL CENTER (HEREINAFTER "SBCC") LOCATED AT SHIRLEY, MASSACHUSETTS [01464] A MAXIMUM SECURITY PRISON WITHIN THE MASSACHUSETTS DEPARTMENT OF CORRECTION (HEREINAFTER "DOC") LOCATED AT 50 MAPLE STREET, MILFORD, MASSACHUSETTS [01757].

2. DEFENDANT, FLORIDA DEPARTMENT OF CORRECTION, IS A STATE AGENCY WITHIN THE STATE OF FLORIDA. SUBSEQUENTLY THIS AGENCY IS RESPONSIBLE FOR THE OVERALL DEPARTMENT'S EMPLOYEES, POLICIES, PRISONERS AND ETC.

3. DEFENDANT, MASSACHUSETTS DEPARTMENT OF CORRECTION, IS A STATE AGENCY WITHIN THE COMMONWEALTH OF MASSACHUSETTS. SUBSEQUENTLY THIS AGENCY IS REASONABLE FOR THE OVERALL DEPARTMENT'S EMPLOYEES, POLICIES, PRISONERS AND ETC.

4. DEFENDANT, "JOHN/JANE DOE", IS THE COMMISSIONER OF THE FLORIDA "DOC" AND A PUBLIC EMPLOYEE WHOSE USUAL PLACE OF BUSINESS IS LOCATED AT:
THE COMMISSIONER IS RESPONSIBLE FOR THE OVERALL DEPARTMENT, IT'S EMPLOYEES, POLICIES, PRISONERS AND ETC. AS AGAIN, A PUBLIC EMPLOYEE. DEFENDANT "JOHN/JANE DOE" IS BEING SUED IN BOTH HIS/HER INDIVIDUAL AND OCCICIAL CAPACITIES.

5. DEFENDANT, KATHLEEN M. DENNEHY, IS THE COMMISSIONER OF THE MASSACHUSETTS "DOC" AND A PUBLIC EMPLOYEE WHOSE USUAL PLACE OF BUSINESS IS LOCATED AT 50 MAPLE STREET, MILFORD, MASSACHUSETTS [01757]. THE COMMISSIONER IS RESPONSIBLE FOR THE OVERALL DEPARTMENT, IT'S EMPLOYEES, POLICIES, PRISONERS AND ETC., AS AGAIN, A PUBLIC EMPLOYEE. DEFENDANT KATHLEEN M. DENNEHY HEREINAFTER "DENNEHY"] IS BEING SUED IN BOTH HER INDIVIDUAL AND OFFICIAL CAPACITIES.

IV. INTRODUCTORY STATEMENT OF THE CASE: SOME HISTORY

6. THE PLAINTIFF, SEAN S. PIGGOTT (HEREINAFTER "PIGGOTT"), IS CURRENTLY SERVING SEVERAL SENTENCES AS AN INMATE OF THE MASSACH-

USETTS PRISON SYSTEM AS A RESULT OF CONVICTIONS AND SENTENCES IMPOSED ON OCTOBER 31, 1996 and NOVEMBER 12, 1996.

7. ON or ABOUT APRIL 2, 1997 THE STATE OF FLORIDA FILED A REQUEST FOR TEMPORARY CUSTODY OF THE PLAINTIFF PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS. THE BASIS FOR THIS REQUEST WAS WARRANT NO. 97-14AF, ISSUED BY THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY.

8. ON AUGUST 18, 1998 THE MASSACHUSETTS MIDDLESEX COUNTY COURT RULED THAT PROBABLE CAUSE WAS SUFFICIENT TO JUSTIFY THE DRAWING OF BLOOD FROM THE PLAINTIFF IN THE INVESTIGATION OF THE CAUSE IN QUESTION. THAT HEARING WAS AT THE REQUEST OF THE PALM BEACH COUNTY AUTHORITIES AND WAS ATTENDED BY DEPUTY SHERIFF ROBERT J. DAVIE.

9. ON OR ABOUT JANUARY 13, 1999 THE PLAINTIFF WAS TRANSPORTED TO THE STATE OF FLORIDA TO ANSWER TO A CHARGE OF HOME INVASION ROBBERY IN BROWARD COUNTY. THIS CHARGE WAS SUBSEQUENTLY DISMISSED. THE DEFENDANT REMAINED IN THE CUSTORY OF THE STATE OF FLORIDA UNTIL APRIL 5, 1999, WHEN HE WAS RETURNED TO MASSACHUSETTS BY THE STATE OF FLORIDA. PALM BEACH COUNTY AUTHORITIES WERE AWARE OF THE DEFENDANT IN THAT CASE (THE PLAINTIFF)'s PRESENCE IN BROWARD COUNTY.

10. DURING THE DEFENDANT IN THAT CASE (THE PLAINTIFF)'s DETENTION IN BROWARD COUNTY THE INFORMATION IN THAT CAUSE WAS

ISSUED ON FEBRUARY 3, 1999. AS THE RESULT OF A REQUEST FOR TEMPORARY CUSTODY BY THE PALM BEACH COUNTY STATE ATTORNEY'S OFFICE ON MAY 7, 1999, THE PLAINTIFF WAS AGAIN TRANSPORTED TO THE JURISDICTION OF FLORIDA, SPECIFICALLY PALM BEACH COUNTY.

11. IN REFERENCE TO THIS INSTANT CASE, THE PLAINTIFF HAS CONTINUED TO SEEK OUT-OF-STATE LEGAL MATERIALS TO CHALLENGE HIS FLORIDA CONVICTION, WHETHER IT BE BY DIRECTLY AND/OR COLLATERALLY AND THAT THE COMMONWEALTH OF MASSACHUSETTS "DOC" REFUSES TO FURNISH HIM WITH FLORIDA LAW.

12. THAT, BOTH STATES, FLORIDA AND MASSACHUSETTS ARE PARTIES TO THE INTERSTATE CORRECTIONS COMPACT (ICC) AND NEITHER STATE HAS FURNISHED HIM WITH FLORIDA LAW.

V. STATEMENT OF FACTS:

THE RECORD WILL REFLECT THE FOLLOWING:

13. THAT, "PIGGOTT" IS CURRENTLY SERVING SENTENCES AS AN INMATE OF THE MASSACHUSETTS PRISON SYSTEM AS A RESULT OF CONVICTIONS AND SENTENCES IMPOSED ON OCTOBER 31, 1996 and NOVEMBER 12, 1996.

14. THAT, ON 02-05-97, WHILE "PIGGOTT" WAS INCARCERATED AT THE MASSACHUSETTS CORRECTIONAL INSTITUTION AT CONCORD

(HEREINAFTER "CONCORD") SUPERINTENDENT WILLIAM COALTER SENT HIM A "NOTICE OF UNTRIED INDICTMENT, INFORMATION OR COMPLAINT AND OF RIGHT TO REQUEST DISPOSITION" (SEE EXHIBIT "A")

15. THAT, ON OR ABOUT 04-02-97, FREDERICK J. DAMSKI FILED A "REQUEST FOR TEMPORARY CUSTODY FORM FIVE (5) IADA" WITH "CONCORD" REQUESTING THAT "PIGGOTT" BE TRIED ON AN OFFENSE OF HOME INVASION ROBBERY (WARRANT NO. 97-14AF). (SEE EXHIBIT "B")

16. THAT, ON OR ABOUT 05-14-97, MATHEW C. REGAN, III OF THE MASSACHUSETTS "DOC" SENT "PIGGOTT" A LETTER IN REFERENCE TO "REQUEST FOR TEMPORARY CUSTODY" (SEE EXHIBIT "C")

17. THAT, ON OR ABOUT 09-09-1998, BARRY BARKOW, THE EXECUTIVE DIRECTOR OF THE MASSACHUSETTS CORRECTIONAL LEGAL SERVICES (HEREINAFTER "MCLS") SENT "PIGGOTT" A REPLY TO HIS LETTER RELEVANT TO THE "FLORIDA WARRANT; LETTER OF JULY 12" IN WHICH HE WAS NOT ABLE TO BE FURNISHED WITH LEGAL ASSISTANCE IN THIS MATTER. (SEE EXHIBIT "D")

18. THAT, ON OR ABOUT 03-02-99, WHILE "PIGGOTT" WAS IN BROWARD COUNTY (FLORIDA) UNDER THE INTERSTAE AGREEMENT ON DETAINERS TO ANSWER TO THE CHARGE OF HOME INVASION, THE STATE ATTORNEY'S OFFICE FOR THE PALM BEACH COUNTY (FLORIDA) WERE ASKING TEMPORARY CUSTODY OF "PIGGOTT" TO ANSWER TO CHARGES OF KIDNAPPING, ROBBERY WITH A DEADLY WEAPON AND SEXUAL BATTERY (3 COUNTS) (SEE EXHIBIT "E")

19. THAT, ON OR ABOUT 05-06-99, BARRY KRISCHER, THE STATE ATTORNEY FOR THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY (FLORIDA) SIGNED AN AGREEMENT ON DETAINERS: FORM VII "PROSECUTOR'S ACCEPTANCE OF TEMPORARY CUSTODY OFFERED IN CONNECTION WITH AN INMATE'S REQUEST FOR DISPOSITION OF A DETAINER" (SEE EXHIBIT ""F") [PLEASE NOTE: ARTICLE IV (C) OF THE AGREEMENT ON DETAINERS MENTIONED WITHIN EXHIBIT "B" DOES STATE IN PART "AS WITH REQUESTS BY PRISONERS UNDER ARTICLE III, THE SENDING STATE IS CHARGED WITH NOTIFYING **ALL** OTHER PROSECUTORS AND COURTS IN THE RECEIVING STATE WHO HAVE LODGED DETAINERS AGAINST THE PRISONER [ID. art. IV(b)]. IF THE RECEIVING STATE RETURNS THE PRISONER WITHOUT TRIAL ON ANY SUCH PENDING CHARGES, THE AGREEMENT PROVIDES FOR DISMISSAL OF THE CHARGES WITH PREJUDICE." A CLEAR VIOLATION OF "PIGGOTT"'s RIGHTS.]

20. THAT, FOR PURPOSES OF REQUESTING FOR AN ATTORNEY AND OTHER RELEVANT MATTERS, THE COUNTY OF PALM BEACH (AS WELL AS THE COMMONWEALTH OF MASSACHUSETTS BEFORE IT) HAS FOUND "PIGGOTT" TO BE INDIGENT. (SEE EXHIBIT "G")

21. THAT, "PIGGOTT" THROUGH A PUBLIC DEFENDER OF THE 15th JUDICIAL CIRCUIT, FILED A "MOTION FOR DISMISS" RAISING AMONG OTHER THINGS, ISSUES RAISED IN <u>STATE</u> VS <u>WIGGINS</u>, 425 SO 2nd 621 (FLA. APP. 1983 4th DCA). (SEE EXHIBIT "H")

22. THAT, THE STATE FILED THEIR "STATE'S RESPONSE TO MOTION TO DISMISS" AS MENTIONED WITHIN PARAGRAPH 21 OF THIS COM-

PLAINT. (SEE EXHIBIT "I").

23. ON OR ABOUT 04-11-00, THE HONORABLE RICHARD I. WENNET, CIRCUIT JUDGE FILED AN "ORDER ON DEFENDANT'S MOTION TO DISMISS" (SEE EXHIBIT "I")(&)

24. ON OR ABOUT 10-13-2000, "PIGGOTT" FILED A PRO SE "MOTION TO DISMISS PUBLIC DEFENDER" (SEE EXHINIT "J" AND HIS REASONS RAISED WITHIN THE MOTION)

25. THAT, HIS ATTEMPTS TO BE FURNISHED WITH TRIAL TRANSCRIPTS HAVE FAILED. (SEE EXHIBIT ""K" AMONG OTHER DOCUMENTS ALREADY ON FILE)

26. THAT, "PIGGOTT" FILED OTHER MOTIONS VIA HIS PUBLIC DEFENDER. (SEE EXHIBITS "L", "M" and "N" AMONG OTHERS ON RECORD)

27. THAT, AMONG MANY ISSUES THAT HE NEEDS TO CHALLENGE HAVE BEEN SOMEWHAT (NEED TO BE AMENDED) MENTIONED WITHIN HIS "INITIAL BRIEF OF APPELLANT" (SEE EXHIBIT "O")

28. THAT, HIS ATTEMPTS TO CHALLENGE HIS ILLEGAL SENTENCE HAVE FAILED (SEE EXHIBITS "P", "Q" and "R")

29. THAT, "PIGGOTT" WOULD LIKE, FOR THE PURPOSES OF THIS INSTANT CASE, SUBMIT AS EVIDENCE THE FOLLOWING EXHIBITS AS WELL: "S", "T", "U", "V", "W", "X", "Y", "Z", "AA", "BB", "CC", "DD", "EE", "FF", "GG", "HH" and "II".

NO OBLIGATION TO FURNISH [THE OTHER STATE'S] LEGAL MATERIALS TO LEHN; IF IT TAKES THE LATTER COURSE, IT MUST GIVE LEHN THE TOOLS WITH WHICH TO CHALLENGE THE [OTHER STATES'] INDICTMENT. IN THIS INSTANT CASE, THE COMMONWEALTH OF MASSACHUSETTS, VIA "DOC" HAVE BEEN HOLDING WHAT THEY CALL AN UNRESOLVED MATTER (OUT OF STATE) TO CONSTANTLY HOLD "PIGGOTT" IN A MAXIMUM SECURITY PRISON, WHERE THERE IS AN INADEQUATE LAW LIBRARY WITH NO FLORIDA LAW, WHERE HE WOULD NOT BE ABLE TO HAVE NO CONTACT WITH CIVIL EMPLOYMENT, HOUSEHOLD MANAGEMENT, OR ANY OTHER EXPERIENCE. FURTHERMORE, COMMON SENSE WOULD ALSO DICTATE, THAT ONCE PLACED INTO A LEVEL 4 ENVIORMENT, "PIGGOTT' WOULD SURELY BE PROVIDED MORE PROGRAMS AND, EMPLOYMENT OPPORTUNITIES IN WHICH TO FEATHER HIS TRUST ACCOUNT TO MAKE ANY TRANSITION TO NON-PRISON LIFE LESS OF A HARRING SHOCK. AGAIN, THE DEFENDANTS ARE NOT TAKING ANY OF THIS INTO ACCOUNT.

34. LASTLY, EVEN HIS "SUBJECT HAS LIFE FROM AND AFTER SENTENCES" USED AGAINST HIM FOR PAROLE PURPOSES. (SEE EXHIBIT "MM") THUS, IN A NUT SHELL, "PIGGOTT" IS NOT FURNISHED WITH "ACCESS TO COURT" BECAUSE HE IS BEING HELD IN A MAXIMUM SECURITY PRISON THAT HAS AN INADEQUEST LAW LIBRARY (NO FLORIDA LAW) DUE TO HIS OUT-OF-STATE ISSUES, COUPLED WITH THE FACT THAT BECAUSE HE HAS OUT-OF-STATE ISSUES HE CAN NOT GET PAROLED FROM THE MASSACHUSETTS SENTENCES TO THE FLORIDA BECAUSE HE CAN NOT IMPROVE HIS CHANCES BY SEEKING HELP IN VARIOUS PROGRAMS THAT WOULD BE AVAILABLE TO HIM IN A LOWER SECURITY LEVEL BECAUSE THE CLASSIFICATION SYSTEM BELIEVES THAT DUE TO THOSE OUT-OF-STATE ISSUES DICTATE THAT HE BE HOUSED IN A MAXIMUM SECURITY PRISON IN MASSACHUSETTS, AGAIN, WITH AN INADEQUATE LAW LIBRARY.

30. THAT, DESPITE THE FACT THAT THERE ARE CASE LAWS THAT CONFIRM THAT "PIGGOTT" HAS CONSTITUTIONAL RIGHTS SUCH AS "ACCESS TO COURTS" (SEE BOUNDS V SMITH, 430 U.S. 817 [1977] AND LEWIS V CASEY, 518 U.S. 343 [1995], NEITHER THE STATE OF FLORIDA NOR THE COMMONWEALTH OF MASSACHUSETTS HAVE FURNISHED HIM WITH AN ADEQUATE LAW LIBRARY TO CHALLENGE HIS CONVICTIONS WITHIN THE STATE OF FLORIDA.

31. THAT, DESPITE THE SUPREME COURT HOLDING THAT THE FUNDAMENTAL CONSTITUIONAL RIGHT OF ACCESS TO THE COURTS REQUIRES PRISON AUTHORITIES TO ASSIST INMATES IN THE PREPARATION AND FILING OF MEANINGFUL LEGAL PAPERS BY PROVIDING PRISONERS WITH ADEQUATE LAW LIBRARIES OR ADEQUATE ASSISTANCE FROM PERSONS TRAINED IN THE LAW, BOTH A FORM OF ACCESS TO COURTS, NEITHER THE STATE OF FLORIDA NOR THE COMMONWEALTH OF MASSACHUSETTS HAVE FURNISHED HIM WITH SUCH RIGHT.

32. THAT, NOT ONLY IS "PIGGOTT" NOT BEING FURNISHED THE RIGHT TO "ACCESS TO COURTS" BUT HE IS ALSO SUFFERING IRREPARABLE HARM AT THE HANDS OF THOSE ABOVE NAMED DEFENDANTS, INSOFAR AS, FOR THE PAST COUPLE OF YEARS, UNDER THE "DOC" DULY PROMULGATED (103 CMR 420) CLASSIFICATION REGULATIONS, "PIGGOTT" HAS RECEIVED A 3-0 VOTE A COUPLE OF TIMES WITHIN THE PAST COUPLE OF YEARS, TO BE TRANSFERRED FROM "S.B.C.C." THE STATE'S NEWEST MAXIMUM SECURITY LEVEL-6 FACILITY, TO ANOTHER FACILITY WHICH IS A LEVEL-4. NONETHE-LESS, THE DEFENDANTS ARE REFUSING TO COMPLY WITH 103 CMR 420, AND THOSE SUBSEQUENT 3-0 CLASSIFICATIONS TO LOWER SECURITY, ON THE

PRE-TEXT THAT "PIGGOTT" HAS UNRESOLVED OUT OF STATE ISSUES. "PIGGOTT" STRONGLY ARGUES THAT HIS RIGHTS OF SUBSTANTIVE DUE PROCESS UNDER THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION HAVE BEEN BLATANLY, ARBITRARILY AND CAPRICIOUSLY VIOLATED, WHEREAS, IN EXERCISING HIS 6th AMENDMENT RIGHT AND/OR ATTEMPTING TO EXERCISE HIS SAID RIGHT. NOTEWORTHY, OF COURSE, IS THAT THE PROCESS IN PLACE, WHICH WVERY 6-MONTHS RE-EVALUATES PRISONERS SUCH AS THE PLAINTIFF, IS BEING ABUSED TO HIS DETRIMENT, INSOMUCH AS, HIS "POSITIVE ADJUSTMENT" (SEE EXHIBITS "JJ", "KK" and "LL") IS UTILIZED TO JUSTIFY A LOWER SECURITY PLACEMENT, ALBEIT, SUCH IS WITHOUT ANY MEANINGFUL USE, AND THEREBY, AT BAR PROVES TO BE FUTILE. ACCORDINGLY, 103 CMR 420. ET SEQ. (THE DEPARTMENT'S OWN CODE OF MASSACHUSETTS REGULATIONS) IS A STATE CREATED LIBERTY INTEREST, IN WHICH UNDER MASSACHUSETTS GENERAL LAW CHAPTER 127, § 32, "PIGGOTT" QUALIFIES FOR THE PRECEIVED ENTITLEMENT, THAT OTHERS SIMILARLY SITUATED ARE AFFORDED, BUT FOR, THE UNRESOLVED OUT OF STATE ISSUES.

33. THAT, A SIMILAR CASE WAS RULED UPON BY THE UNITED STATES COURT OF APPEALS (SEVENTH CIRCUIT) IN LEHN V HOLMES, 364 F. 3d 862 IN WHICH THE COURT IN THAT CASE HAS STATED, IN REFERENCE TO ONE STATE USING THE FACT THAT DUE TO THE INDICTMENTS OF ANOTHER STATE IN HAS INCREASED HIS SECURITY CLASSIFICATION WHILE HE IS INCARCERATED IN THAT STATE, THE COURT REASONED THAT "IT MAY EITHER REFRAIN FROM TAKING LEHN'S STATUS IN [THE OTHER STAE] INTO ACCOUNT IN HIS SECURITY CLASSIFICATION.....OR IT MAY RELY ON THE [OTHER STATE'S ACCUSATIONS]. IF IT TAKES THE FORMER COURSE, IT IS UNDER

VI CLAIMS FOR RELIEF:

34. I ("PIGGOTT") REAFFIRM AND REALLEGE THOSE STATEMENTS CONTAINED HEREIN IN PARAGRAPHS 1 THRU 33 OF THIS COMPLAINT, AS IF INCORPORATED HERETO.

### COUNT I.

35. ALL THE DEFENDANTS MENTIONED AND NAMED WITHIN THIS COMPLAINT HAVE ABUSED THE PROCESS OF CLASSIFICATION OF THE PLAINTIFF ("PIGGOTT"), IN WHICH HE HAS A STATE CREATED LIBERTY INTEREST ENTITLEMENT.

36. DEFENDANTS MASSACHUSETTS "DOC" AND FLORIDA "DOC", VIA THEIR AGENTS, COMMISSIONER "DENNEHY" AND COMMISSIONER "JOHN/JANE DOE" HAS BARRED "PIGGOTT" OF HIS RIGHTS GUARANTEED BY HERETOBEFORE STATED FEDERAL CONSTITUTIONAL RIGHTS UNDER THE 6th AMENDMENT AND THE DUE PROCESS AND EQUAL PROTECTION CLAUSE OF THE 14th AMENDMENT.

### COUNT II

37. ALL THE DEFENDANTS MENTIONED AND NAMED WITHIN THIS COMPLAINT HAVE FAILED TO FURNISH "PIGGOTT" WITH HIS RIGHT TO ACCESS TO COURT.

COUNT III..

38. ALL MENTIONED AND/OR NAMED DEFENDANTS HAVE KNOWINGLY VIOLATED THE PLAINTIFF'S RIGHT AT COMMON LAW TO BE FREE FROM INTENTIONAL INFLICTION OF EMOTIONAL DURESS, BY THE AFORESAID ABUSE OF PROCESS.

VII. RELIEF REQUESTED:

WHEREFORE, "PIGGOTT" LACKS ANY ADEQUATE REMEDY AT LAW, HE RESPECTFULLY REQUESTS THIS MOST HONORABLE COURT TO GRANT THE FOLLOWING:

- A. DECLARE THE RIGHTS, DUTIES AND RESPONSIBILITIES OF THE PARTIES, PARTICULARLY, THE DUE PROCESS & EQUAL PROTECTION OF THE LAWS CLAUSE OF THE 14th AMENDMENT;

- B. ENJOIN, FORTHWITH, THE FURTHER DEPRIVATION OF THAT STATE CREATED LIBERTY INTEREST ENTITLEMENT, TRANSFER TO A LEVEL-4 FACILITY, OR TRANSFER HIM TO THE STATE OF FLORIDA OR AS A LAST RESORT, HAVE THE STATE OF FLORIDA FURNISH HIM WITH THE LEGAL MATERIALS RELEVANT TO HIS QUEST TO BE ABLE TO CHALLENGE HIS CONVICTION:

- C. PERMANENTLY ENJOIN THE DEFENDANTS AND/OR THEIR AGENTS IN ACTIVE CONCERT WITH THEM FROM RETALIATING AGAINST "PIGGOTT" FOR BRINGGING THE INSTANT MATTER AT BAR;

- D. AWARD "PIGGOTT" COMPENSATORY DAMAGES OF $250. DOLLARS PER DIEM FOR DEFENDANTS' WANTON, ARBITRARY AND CAPRICIOUS DEPRIVATION OF STATE CREATED LIBERTY INTEREST ENTITLEMENT;

- E. AWARD, BY WAY OF PUNITIVE DAMAGES OF $2,500. DOLLARS PER DEFENDANT IN THEIR INDIVIDUAL CAPACITY FOR THAT WILFULL VIOLATION OF "PIGGOTT"'s FEDERAL CIVIL RIGHTS;

   F. AWARD AGAINST ALL DEFENDANTS IN THEIR OFFICIAL
      CAPACITY, $5,000. DOLLARS FOR THAT KNOWING ABUSE
      OF PROCESS AND INTENTIONAL INFLICTION OF EMOTIONAL
      DURESS, FOR NO OTHER LEGITIMATE PENOLOGICAL
      OBJECTIVE, BUT FOR, RETALIATION FOR EXERCISING
      PROTECTED 6th AMENDMENT RIGHTS.

   G. AWARD ANY AND ALL OTHER EQUITABLE RELIEF DEEMED
      JUST AND PROPER;

   H. AWARD ALL COSTS AND FEES, INCLUDING ANY COSTS OF
      COUNSEL

SIGNED, THIS 29th DAY OF March, 2005, UNDER PAIN AND PERJURY.

_____
SEAN S. PIGGOTT
SOUZA-BARANOWSKI CORR. CTR.
POST OFFICE BOX 8000
SHIRLEY, MASSACHUSETTS 01464


VERIFICATION DECLARATION

   I, SEAN S. PIGGOTT, HEREBY VERIFY ON OATH ACCORDING TO LAW, THAT THE FOLLOWING IS TRUTHFUL AND ACCURATE TO THE BEST OF MY PERSONAL KNOWLEDGE AND BELIEF AND OBSERVATIONS OF ALL FACTS, AVERMENTS AND EXHIBITS (AND ATTACHMENTS) AS EVIDENCE AND I AVER THAT I AM COMPETENT TO TESTIFY TO THE SAME IN OPEN COURT IF CALLED UPON TO DO SO UNDER OATH AND I HAVE NOT MADE OR OFFERED THIS VERIFIED CIVIL RIGHTS COMPLAINT IN BAD FAITH OR WITH MALICE AND I SIGN THIS VERIFICATION DECLARATION UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 29th DAY OF March, 2005.

_____
SEAN S. PIGGOTT
SOUZA-BARANOWSKI CORR. CTR.
POST OFFICE BOX 8000
SHIRLEY, MASSACHUSETTS 01464

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SEAN S. PISSOTT

**DEFENDANTS**
KATHLEEN DENNEHY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: WORCESTER COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PRO-SE

ATTORNEYS (IF KNOWN)
05-10702 NG

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | ☐ 380 Other Personal Property Damage | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

TITLE 42 U.S.C.A. 1983 Civil Action

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/31/05
SIGNATURE OF ATTORNEY OF RECORD: SEAN S. PISSOTT  PRO-SE

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT #3

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) SEAN S. Pissott FWSED Florida Department of Correction

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓  II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   N/A

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? N/A
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) N/A

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? N/A

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES ___ NO ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES ___ NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES YES (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE: WORCESTER COUNTY

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE: WORC/middlesex

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE (CENTRAL SECTION) ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   SEAN Pissott PRO-SE
ADDRESS   P.O. Box 8000 Shirley MA. 01464
TELEPHONE NO.   NONE

(Category form - 09/93)