```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

SEAN S. PIGGOTT,                    )
                                    )
           Plaintiff,               )
                                    )
      v.                            )
                                    )
FLORIDA DEPARTMENT OF               )
CORRECTION; MASSACHUSETTS           )
DEPARTMENT OF CORRECTION;           )   C.A. No. 05-10702-NG
FLORIDA COMMISSIONER OF             )
CORRECTION "JOHN/JANE DOE"          )
and MASSACHUSETTS                   )
COMMISSIONER OF CORRECTION          )
KATHLEEN M. DENNEHY,                )
                                    )
           Defendants.              )
```

PROCEDURAL ORDER

On April 4, 2005, Plaintiff Sean S. Piggott, an inmate currently confined at the Souza-Baranowski Correctional Center in Shirley, Massachusetts, filed a civil action in which he alleges that the defendants violated his liberty interests and denied him access to the courts. Piggott did not pay the $250.00 fee for commencing a civil action, nor did he file an application to proceed without prepayment of the filing fee.

DISCUSSION

I.  The Plaintiff Must Pay a Filing Fee or File an Application to Proceed Without Prepayment of Fees

A litigant filing a civil action in this court must either (1) pay the $250.00 filing fee, or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) ($250.00 filing fee); 28 U.S.C. § 1915(a) (in forma

pauperis actions).  In this case, the plaintiff has neither paid the filing fee, nor submitted a completed application to proceed without prepayment of the fee.  Accordingly, I grant the plaintiff 42 (forty-two) days from the date of this Order to do one of the following:  (1) submit payment for the $250.00 filing fee; or (2) file a completed application to proceed without prepayment of fees.  Failure to do so within the allotted time will result in dismissal of this action without prejudice.

The plaintiff is also advised that if he is a prisoner, he is subject to the additional restrictions of 28 U.S.C. § 1915. Along with an application to proceed without prepayment of fees, a prisoner litigant must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).[1] Moreover, if he is a prisoner litigant, the plaintiff is hereby put on notice that even if he files an application to proceed without prepayment of fees, he will nevertheless have to pay the full amount of the filing fee.  See 28 U.S.C. § 1915(b)(1)-(2)).  Based on the information contained in the

---

[1] This statement must be obtained from the "appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

2

plaintiff's application and the accompanying prison account statement, the Court will issue an order directing the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a continuing monthly basis until the entire $250.00 filing fee is paid in full.  See id.

II. The Plaintiff's Complaint Will Be Subject to Preliminary Screening and Dismissal Pursuant to 28 U.S.C. § 1915

The plaintiff is further advised that if he elects to pay the filing fee or submit an application to proceed without prepayment of fees, his complaint will be subject to screening and dismissal pursuant to 28 U.S.C. § 1915(e)(2) (screening of complaints filed in forma pauperis) and/or 28 U.S.C. § 1915A(a)-(b) (screening of prisoner complaints seeking redress from a governmental entity, officer or employee). Under both Section 1915(e)(2) and Section 1915(A), the plaintiff's complaint will be subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (dismissal of in forma pauperis complaint is appropriate if the action lacks an

arguable basis either in law or in fact).

## CONCLUSION

ACCORDINGLY, plaintiff is directed to either pay the $250.00 filing fee or submit an application to proceed without prepayment of the filing fee with a certified prison account statement within 42 days of the date of this Order or this action shall be dismissed without prejudice.

The Clerk is directed to send petitioner an Application to Proceed Without Prepayment of Fees and Affidavit with this Order.

SO ORDERED.

```
 4/18/05                          /s/ Nancy Gertner
Date                             UNITED STATES DISTRICT JUDGE
```