```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

SEAN S. PIGGOTT,              )
                              )
         Plaintiff,           )
                              )
         v.                   )
                              )   C.A. No. 05-10702-NG
FLORIDA DEPARTMENT OF         )
CORRECTION, et al.,           )
                              )
         Defendants.          )
```

MEMORANDUM AND ORDER OF DISMISSAL

GERTNER, District Judge

For the reasons set forth below, the Court (1) dismisses the Florida Department of Correction and the Massachusetts Department of Correction as defendants in this action; and (2) orders that all claims against James V. Crosby, Jr. and Kathleen M. Dennehy in their official capacities be dismissed.

BACKGROUND

On April 4, 2005, Plaintiff Sean S. Piggott, an inmate currently confined at the Souza-Baranowski Correctional Center in Shirley, Massachusetts, filed a civil action under 42 U.S.C. § 1983, in which he alleges that the defendants violated his liberty interests and denied him access to the courts. In a separate order, the Court granted Piggott's application to proceed in forma pauperis.

According to his complaint, Piggott "is currently serving several sentences as an inmate of the Massachusetts prison system as a result of convictions and sentences imposed on October 31,

1996 and November 12, 1996." Compl. ¶ 6. While serving these sentences, Piggott was convicted in a Florida state court of another crime. Piggott now seeks to attack his Florida state conviction but allegedly lacks the legal materials to do so because he does not have access to Florida law. Piggott further alleges that Florida law materials might be available if he were at a lower security prison with a more complete law library, but that his Florida conviction impacts his prisoner classification such that his requests for transfer have been denied.

Piggott claims that the above-described conduct is actionable under 42 U.S.C. § 1983, which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Piggott names as defendants the Florida Department of Corrections, the Massachusetts Department of Correction, James V. Crosy, Jr. (Secretary of the Florida Department of Corrections[1]) and Kathleen M. Dennehy (Commissioner of the Massachusetts Department of Correction). Piggott alleges that all of the

---

[1] In his complaint, Piggott does not identify Crosby as a defendant but instead asserts claims against "Florida Commissioner of Correction 'John/Jane Doe.'" In a separate order, the Court ordered that Secretary Crosby replace "John/Jane Doe" as a defendant in this action.

defendants were required to furnish him with Florida law, and their failure to do so violates his right of access to the courts. Piggott also claims that the defendants "have abused the process of classification of the plaintiff ..., in which he has a state created liberty interest entitlement" because his prison classification is adversely affected by the Florida conviction. Compl. ¶ 35. Finally, Piggott asserts a claim for "intentional infliction of emotional duress." Id. § 38. In his prayer for relief, Piggott seeks injunctive and monetary relief.

## DISCUSSION

I.  The Court's Authority to Screen the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of 28 U.S.C. § 1915. 28 U.S.C. § 1915(a)(e). Further, under 28 U.S.C. § 1915A, the Court is required to screen a complaint filed by prisoner in which the prisoner seeks redress from a governmental entity or officers or employees of a governmental entity. 28 U.S.C. § 1915A(a). Both § 1915 and § 1915A authorize federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A. In forma pauperis complaints may be dismissed sua sponte and without notice under § 1915 and § 1915A if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (interpreting former § 1915(d)). Although "dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard ... is disfavored in federal practice," "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," then a dismissal sua sponte is appropriate. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36-37 (1st Cir. 2001).

II.   State Departments of Correction

The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV. The Eleventh Amendment generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit. Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam). Unless a State has "waived its Eleventh Amendment immunity or Congress has

4

overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh).  Neither Florida nor Massachusetts has waived its Eleventh Amendment immunity with respect to actions under § 1983 or common law tort claims.  See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002); Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990); Gamble v. Florida Dept. of Health & Rehabilitative Servs., 779 F.2d 1509, 1514-15 (11th Cir. 1986).  Similarly, the passage of Section 1983 did not override the Eleventh Amendment immunity of the states.  Quern v. Jordan, 440 U.S. 332, 342-45 (1979).[2]

Thus, the Eleventh Amendment immunity of Florida and Massachusetts is a jurisdictional bar to Piggott's lawsuit in federal court against the States' agencies.  For this reason, the Court orders that the Florida Department of Correction and the Massachusetts Department of Correction be dismissed as defendants in this case.

II. The Individual Defendants

The Court also orders that the claims be dismissed against the individual defendants insofar as Piggott asserts claims against them in their official capacities.  Because "neither a State nor its officials acting in their official capacities are

---

[2]Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

'persons' under § 1983," Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), Piggott has not stated § 1983 claims against the Florida Commissioner of Correction "John/Jane Doe" or against Massachusetts Commissioner of Correction, Kathleen M. Dennehy in their official capacities.  Further, to the extent that plaintiff seeks monetary relief from the individual defendants in their official capacities, the Eleventh Amendment bars such relief and plaintiff's claims against defendants in their official capacities are subject to dismissal.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102 (1984) (stating that "as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.").

## CONCLUSION

ACCORDINGLY, the Court orders that (1) the Florida Department of Correction and the Massachusetts Department of Correction be dismissed as defendants in this action; and (2) all claims against James V. Crosby, Jr. and Kathleen M. Dennehy in their official capacities be dismissed.

SO ORDERED.

| | |
|---|---|
| 6/25/2005 | /s/ Nancy Gertner |
| DATE | UNITED STATES DISTRICT JUDGE |