UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEAN A. PIGGOTT,

Plaintiff,

-vs-                               CASE NO. 05-10702-NG

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

Defendants.
_____/

### DEFENDANT JAMES V. CROSBY, JR'S
### MOTION TO DISMISS

Comes now Defendant, James V. Crosby, Jr., Secretary of the Florida Department of Corrections, in his personal capacity, and does hereby move to dismiss the complaint as against him, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted as against him. Defendant Crosby alleges the following:

1. The complaint fails to state a claim upon which relief can be granted as against the Defendant, as Plaintiff was never incarcerated within the Florida Department of Corrections.

2. This Defendant cannot be personally liable for monetary damages to Plaintiff, as he became Secretary of the Florida Department of Corrections on January 7, 2003, and Plaintiff's claims of Florida incarceration predate that date.

3. Defendant Crosby cannot be held personally liable under the doctrine of respondeat superior.

4. Plaintiff's claims of inadequate access to Florida legal materials lie solely, if at all, against Massachusetts correctional officials, and not against this Defendant.

## MEMORANDUM OF LAW

Plaintiff is a Massachusetts inmate who, by virtue of his complaint and attachments thereto, was also tried and convicted of separate criminal charges by Florida courts in Broward or Palm Beach County, Florida. However, it appears that he has never served time under the authority of Defendant Crosby, Secretary of the Florida Department of Corrections but, rather, that his Florida sentences are to be consecutive to his Massachusetts sentences. It appears from the pleadings that the only "time" he served in Florida was in the County Jail of Broward and Palm Beach County, while awaiting trial on the Florida charges.

However, this Defendant is not responsible for the operation of those county jails, which primarily house persons in custody either awaiting trial or sentenced for misdemeanor offenses. Rather, the county jails in Florida are operated by the various Florida county sheriffs' departments. Furthermore, Plaintiff's allegation of inadequate access to Florida legal materials which in county jail in Florida precedes this Defendant's tenure as Secretary. The allegations allege a time period no later than 1999; Defendant Crosby was appointed to his position as Secretary on January 7, 2003.

Furthermore, the Court's decision in Hooks v. Wainwright, 775 F.2d 1433 (11th Cir. 1985), and its progeny, pertains to Florida convicted inmates and the requirements to provide them with adequate legal access while so confined. Plaintiff has never become such an inmate; he is only a "potential" member of said class.

Defendant Crosby is additionally not subject to monetary damages in the absence of his personal participation in the alleged actions of Massachusetts corrections officials. Although personal participation is not specifically required for liability under Section 1983, there must be

2

some causal connection between each defendant named and the injury allegedly sustained. <u>Swint v. City of Wadley, Alabama</u>, 51 F.3d 988, 999 (11th Cir. 1995); <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991). One cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights. (Defendant Crosby did not assume his position as Secretary until January 7, 2003.)

Accordingly, Defendant Crosby moves for dismissal of the complaint as against him in his personal capacity.

Respectfully submitted,

CHARLES J. CRIST, JR.
ATTORNEY GENERAL

JOE BELITZKY
Senior Assistant Attorney General
Florida Bar No. 0217301

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to Sean S. Piggott, Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464, on this ____ day of August 2005.
19th

_____
Attorney