UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-10702-NG

SEAN A. PIGGOTT,
    PLAINTIFF,

VS

FLORIDA DEPARTMENT OF
CORRECTION, ET AL.,
    DEFENDANTS.
_____/

PLAINTIFF'S PRO SE:
LETTER-BRIEF-MOTION
OPPOSING DEFENDANT
JAMES V. CROSBY, JR'S
MOTION TO DISMISS

THE HONORABLE **NANCY GERTNER**
UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

RE: SEAN A. PIGGOTT V. FLORIDA DEPARTMENT OF CORRECTION, ET AL
    CIVIL ACTION NUMBER. **U.S.D.C. NO. 05-cv-10702-NG**

DEAR JUDGE GERTNER:

PLEASE ACCEPT THIS LETTER-BRIEF-MOTION IN LIEU OF A MORE FORMAL BRIEF IN OPPOSITION TO DEFENDANT **JAMES V. CROSBY, JR'S** MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, IN THE ABOVE CAPTIONED MATTER.

**ARGUMENT I**

**STANDARDS FOR RULE 12 (b)(6) MOTIONS**

COURTS DO NOT GENERALLY FAVOR RULE 12 (b)(6) MOTIONS TO DISMISS, BECAUSE THE POLICY OF THE FEDERAL RULES IS TO ALLOW CASES

TO PROCEED IF THE PLAINTIFF HAS ANY REASONABLE CHANCE OF OBTAINING RELIEF. THEREFORE, THE DEFENDANTS ARE REQUIRED TO MAKE A VERY STRONG SHOWING BEFORE A COMPLAINT WILL BE DISMISSED FOR FAILURE TO STATE A CLAIM.

A RULE 12(b)(6) MOTION ARGUES THAT, BASED ONLY ON WHAT IS SAID IN THE COMPLAINT, THE PLAINTIFF COULD NOT POSSIBLY BE ENTITLED TO RELIEF. COURTS DO NOT DETERMINE WHETHER THE FACTS AS STATED BY THE PLAINTIFF ARE TRUE, BUT INSTEAD ASSUME THE TRUTH OF PLAINTIFF'S FACTUAL STATEMENTS AND DECIDE WHETHER THE PLAINTIFF MAY HAVE A CLAIM THAT COULD LEAD TO RELIEF. IN THIS INSTANT CASE THE MAIN ISSUE IS WHETHER OR NOT THE PLAINTIFF HAS A CONSTITUTIONAL RIGHT TO ACCESS TO THE COURTS. AS THE UNITED STATES SUPREME COURT HAS STATED: "THE ISSUE IS NOT WHETHER A PLAINTIFF WILL ULTIMATELY PREVAIL BUT WHETHER THE CLAIMANT IS ENTITLED TO OFFER EVIDENCE IN SUPPORT OF THE CLAIMS. INDEED IT MAY APPEAR ON THE FACE OF THE PLEADINGS THAT A RECOVERY IS VERY REMOTE AND UNLIKELY, BUT THAT IS NOT THE TEST" SCHEUER V. RHODES, 416 U.S. 232, 236 (1974). RATHER, "A COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNLESS IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLE HIM TO RELIEF." CONLEY V. GIBSON, 355 U.S. 41, 45-46 (1957).

IN A RECENT PRISON CASE, THE NINTH CIRCUIT HELD THAT ITS REVIEW IN THAT CASE SHOULD BE "EVEN MORE SEARCHING THAN USUAL BECAUSE THE DISTRICT COURT DISMISSED THE PRISONERS' COMPLAINT WITHOUT LEAVE TO AMEND. DISMISSAL WITHOUT LEAVE TO AMEND IS IM-PROPER UNLESS IT IS CLEAR, UPON DE NOVO REVIEW, THAT THE COMPLAINT

COULD NOT BE SAVED BY ANY AMENDMENT." SCHNEIDER V. CALIFORNIA DOC, 151 F.3d 1194, 1196 (9th Cir. 1998).

IN THE SCHNEIDER CASE, IT CONTAINS SEVERAL IMPORTANT POINTS TO BE CONSIDERED RELEVANT TO A RULE 12(b)(6) MOTION. FIRST, A RULE 12(b)(6) MOTION SHOULD NOT INCLUDE ANY ADDITIONAL FACTUAL MATERIAL BY DEFENDANTS. IF THE DEFENDANTS DO ATTEMPT TO ADD FACTS, IT IS LIKELY THAT THE MOTION WILL BE TREATED AS A RULE 12(b)(6) MOTION, BUT AS A MOTION FOR SUMMARY JUDGMENT. SECOND, THIS STANDARD IS VERY FAVORABLE TO PLAINTIFFS. ONLY IF THE PLAINTIFF CANNOT CONCEIVABLY MAKE OUT A CLAIM WILL THE COMPLAINT BE DISMISSED. THIRD, AS THE SCHNEIDER COURT STATED, COURTS ARE RELUCTANT TO DISMISS "WITHOUT LEAVE TO AMEND." THE USUAL PRACTICE OF THE COURTS IS TO ALLOW PLAINTIFFS WHOSE COMPLAINTS APPEAR TO BE DEFECTIVE A CHANCE TO AMEND THE COMPLAINT AT LEAST ONCE. THIS IS BECAUSE THE POLICY OF THE FEDERAL RULES IS TO HAVE CASES DECIDED ON THE BASES OF THE SUBSTANTIVE RIGHTS INVOLVED, NOT ON TECHNICALITIES. "AMENDMENT SHOULD BE REFUSED ONLY IF IT APPEARS TO A CERTAINTY THAT PLAINTIFF CANNOT STATE A CLAIM." WRIGHT AND MILLAR, FEDERAL PRACTICE AND PROCEDURE, VOL 5A, § 1357.

MOREOVER, PLEADINGS FILED BY PRO SE PRISONERS ARE "HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS..." HAINES V. KERNER, 404 U.S. 519 (1972). THUS, IN DECIDING A RULE 12(b)(6) MOTION AGAINST A PRO SE PLAINTIFF, THE COURT IS SUPPOSED TO LOOK EVEN MORE CAREFULLY TO SEE WHETHER ANY SET OF FACTS CONSISTENT WITH THE COMPLAINT COULD BE PROVEN, AND IF SO, TO

DENY THE RULE 12(b)(6) MOTION.

### WHEN A RULE 12(b)(6) MOTION BECOMES A SUMMARY JUDGMENT

RULE 12(b)(6) STATES THAT IF, AS PART OF THE PROCEEDINGS ON A RULE 12(b)(6) MOTION "MATTERS OUTSIDE THE PLEADING ARE PRESENTED TO AND NOT EXCLUDED BY THE COURT, THE MOTION SHALL BE TREATED AS ONE FOR SUMMARY JUDGMENT" GOVERNED BY THE STANDARDS AND PROCEDURES OF RULE 56, ALTHOUGH THE PARTIES WILL BE GIVEN A CHANCE TO COMPLY WITH RULE 56.

### II
### WHAT IS A CLAIM ?

IT'S THE PLAINTIFF'S UNDERSTANDING, FROM READING VARIOUS CITATIONS, THAT IN PRO SE PRISONER CASES, DEFENDANTS WILL OFTEN FILE A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, IN CASES FILED IN FEDERAL COURT UNDER 42 U.S.C. §1983 (CIVIL RIGHTS ACTIONS) A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IS FILED UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6).

RULE 12(b)(6) is a sub-PART OF F.R.C.P. 12(b), WHICH STATES IN GENERAL THAT ALL DEFENSES SHOULD BE PUT IN THE DEFENDANTS' ANSWER, BUT IT ALSO GIVES THE DEFENDANTS THE OPTION TO RAISE SOME

DEFENSES BY MOTION BEFORE AN ANSWER IS FILED, THEREFORE, DEFENDANTS CAN, INSTEAD OF ANSWERING RIGHT AWAY, RAISE ONE OR MORE RULE 12(b) DEFENSES BY MOTION, AND ONLY IF THE DEFENDANTS LOSE THAT MOTION, WILL THEY HAVE TO FILE AN ANSWER TO THE COMPLAINT.

ONE OF THE DEFENSES RULE 12(b) ALLOWS TO BE RAISED BY MOTION IS THE DEFENSE SET OUT IN RULE 12(b)(6), I.E., "FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. IF THE DEFENDANTS WIN SUCH A MOTION, THE CASE WILL BE DISMISSED, THUS, THE CASE WILL BE OVER IN THE DISTRICT COURT AND THE PLAINTIFF WOULD THEN HAVE TO APPEAL IF HE/SHE WANTS TO GET HIS/HER CASE REINSTATED.

THEREFORE, IN ORDER TO DEFEND AGAINST A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, THE PLAINTIFF NEEDS TO UNDERSTAND WHAT A "CLAIM" IS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE. A "CLAIM FOR RELIEF" IS DEFINED IN RULE 8(a) AS HAVING THREE ELEMENTS:

      (1) "A SHORT AND PLAIN STATEMENT OF THE GROUNDS UPON WHICH THE COURT'S JURISDICTION DEPENDS;

      (2) A SHORT AND PLAIN STATEMENT OF THE CLAIM SHOWING THAT THE PLEADER IS ENTITLED TO RELIEF." AND,

      (3) "A DEMAND FOR JUDGMENT FOR THE RELIEF THE PLEADER SEEKS..."

THUS, A COMPLAINT NEED NOT BE LONG AND COMPLICATED, BUT IT MUST CONTAIN STATEMENTS THAT SUPPORT THE FEDERAL COURTS'S JURISDICTION THE CASE IS BROUGHT TO ENFORCE CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983 (FOR AN EXAMPLE IN THIS CASE), ALLEGATIONS OF FACT THAT SUPPORT EACH CLAIM THAT IS BEING MADE, AND A REQUEST FOR RE-

LIEF. THE POLICY BEHIND THESE RULES IS TO SIMPLIFY PLEADING AND NOT TO PUT UP TECHNICAL BARRIERS TO RELIEF THAT A PLAINTIFF NEEDS AND CAN GET FROM THE COURT.

THE MOST IMPORTANT PART OF RULE 8(a) FOR THE PURPOSES OF A RULE 12(b)(6) MOTION IS THE SECOND PART: "A SHORT AND PLAIN STATEMENT OF THE CLAIM." THUS, A SHORT AND PLAIN STATEMENT OF **FACTS** THAT MAKE UP THE CLAIM. FOR EXAMPLE, IN A CASE IN WHICH YOU ALLEGE CONSTITUTIONALLY INADEQUATE CARE (AS OPPOSED TO SIMPLE NEGLIGENCE OR MEDICAL MALPRACTICE), THAN THE PLAINTIFF MUST PUT IN STATEMENTS THAT SHOW: (1) WHAT HAPPENED TO THE PLAINTIFF; (2) THAT THE PLAINTIFF WAS INJURED AND THAT THE INJURY WAS SERIOUS; AND (3) THE MENTAL STATE ELEMENT REQUIRED BY THE COURTS - THAT THE DEFENDANT(S) ACTED WITH "DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS."

IN THIS INSTANT CASE THE PLAINTIFF IS ALLEGING THAT HIS RIGHTS TO ACCESS TO COURT HAS BEEN VIOLATED. HE IS FURTHER ALLEGING THAT SUCH A DEPRIVATION OF ACCESS TO COURT VIOLATES BOTH THE UNITED STATES CONSTITUTION AND THE MASSACHUSETTS DECLARATION OF RIGHTS.

**CONCLUSION**

DEFENDANT JAMES V. CROSBY, BEING THE PRESENT DAY SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS (PLAINTIFF'S RIGHTS ARE PRESENTLY BEING VIOLATED) HAS FAILED TO DEMONSTRATE THAT HE IS EN-

TITLED TO A DISMISSAL OF THE CLAIM IN THIS MATTER, AND THEREFORE HIS MOTION SHOULD BE DENIED.

SINCERELY,

*Sean Piggott*
SEAN S. PIGGOTT
SOUZA-BARANOWSKI CORR. CTR.
POST OFFICE BOX 8000
SHIRLEY, MASSACHUSETTS 01464

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING HAS BEEN FURNISHED BY U.S. MAIL TO **JOE BELITZKY** (SENIOR ASSISTANT ATTORNEY GENERAL - FLORIDA BAR NO. 0217301) OFFICE OF THE ATTORNEY GENERAL, THE CAPITOL, PL-01, TALLAHASSEE, FLORIDA 32399-1050

DATED: AUGUST 29, 2005

*Sean Piggott*
SEAN S. PIGGOTT
SOUZA-BARANOWSKI CORR. CTR.
POST OFFICE BOX 8000
SHIRLEY, MASSACHUSETTS 01464