UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEAN S. PIGGOTT,                         No. 05-cv-10702-NG

    Plaintiff,

    v.

FLORIDA DEPARTMENT OF
CORRECTIONS, et al,

    Defendants.

<u>ANSWER TO THE COMPLAINT AND JURY TRIAL DEMAND</u>

Defendant Kathleen M. Dennehy ("Dennehy"), answers the allegations of the "Civil Action Complaint," paragraph by paragraph, as follows:

I. The paragraph labeled "INTRODUCTION" is an introductory statement to which no responsive pleading is required. To the extent that factual allegations are contained therein, Dennehy denies them.

II. The paragraph labeled "JURISDICTION STATEMENT" is a jurisdictional statement to which no responsive pleading is required. To the extent that factual allegations are contained therein, Dennehy denies them.

1. Admit, except that Dennehy denies that the plaintiff is a prisoner of the State of Florida at this time.

2. Admit.

3. Admit.

4. Dennehy neither admits nor denies the allegations contained in this paragraph, as they do not pertain to her.

2

5. Admit, except that the suit against Dennehy in her official capacity was dismissed by the Court in its Order of June 25, 2005.

6. Admit.

7. Admit.

8. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9. Admit.

10. Dennehy admits that the plaintiff was transported back to Florida in January 2000 and that he stood trial in Palm Beach County, but she is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

11. Dennehy admits that the Massachusetts DOC has not furnished the plaintiff with Florida legal reference materials, but she is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

12. Dennehy admits that Massachusetts and Florida are parties to the Interstate Corrections Compact and that the Massachusetts DOC has not furnished the plaintiff with Florida legal reference materials, but she is without knowledge or information regarding whether Florida or its DOC has furnished him with such materials.

3

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Dennehy admits the allegations contained in the first sentence of this paragraph. The remaining allegations are conclusions of law which do not require a response.

20. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

26. Admit.

27. Dennehy admits that the plaintiff's public defender filed an appellate brief, but she is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

28. Dennehy is without knowledge or information sufficient to

4

form a belief as to the truth of the averments contained in this paragraph.

29. Dennehy neither admits nor denies the allegations contained in this paragraph, as they do not call for a response. Further answering, Dennehy states that the documents with which she was served do not appear to contain exhibit labels as referenced in this paragraph.

30. The averments contained in this paragraph are conclusions of law which do not require a response.

31. The averments contained in this paragraph are conclusions of law which do not require a response.

32. Dennehy admits that the plaintiff's classification within the Massachusetts DOC has been reviewed periodically pursuant to state regulations. The remaining averments contained in this paragraph are conclusions of law which do not require a response.

33. The averments contained in this paragraph are conclusions of law which do not require a response.

34. (first) Dennehy admits that the plaintiff is being held in a maximum-security prison in Massachusetts and that he is facing a life sentence in Florida "from-and-after" the expiration of his Massachusetts sentences, but she denies the remaining averments contained in this paragraph.

34. (second) Dennehy hereby repeats her answers to paragraphs

5

1 through 33 as set forth herein.

35. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

36. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

37. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

38. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

<u>Prayers for Relief</u>

Dennehy opposes each and every request for relief sought by the plaintiff.

<u>Affirmative Defenses</u>

Dennehy raises the following affirmative defenses:

1.  The complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

2.  The complaint is barred by the plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a) and Mass. Gen.L. c. 127, § 38F.

3.  Because of his acts or omissions, the plaintiff has

6

waived any claims he might have against Dennehy for any of the matters asserted.

4.    Because of his acts or omissions, the plaintiff is estopped from raising any claims he might have against Dennehy for any of the matters asserted.

5.    Dennehy is protected by qualified immunity from suit, and all of her actions were within her qualified immunity. Dennehy's conduct at all relevant times was reasonable, in good faith, without malice or corruption, within the scope of her authority and not in disregard of settled principles of law.

6.    Dennehy is not responsible for any injuries allegedly suffered by the plaintiff, if any injury in fact occurred.

Jury Demand

Dennehy demands a trial by jury on all issues so triable.

KATHLEEN M. DENNEHY

By her attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

Date: September 16, 2005       __/s/ DAVID J. RENTSCH_____
                               David J. Rentsch, Counsel
                               Legal Division
                               Department of Correction
                               70 Franklin Street, Suite 600
                               Boston, MA  02110-1300
                               (617) 727-3300, ext. 142
                               BBO #544926

CERTIFICATE OF SERVICE

7

   I, David J. Rentsch, certify that on this day I caused a copy
of the foregoing paper to be mailed to each of the following
persons by first class mail, postage pre-paid:

   ✍✍Sean S. Piggott, pro se,
      Souza-Baranowski Correctional Center
      P.O. Box 8000
      Shirley, MA  01464; and,

   ✍✍Joe Belitzky, Esq.
      Senior Assistant Attorney General
      Office of the Attorney General
      The Capitol, PL-01
      Tallahassee, FL  32399-1050


Date: September 16, 2005     __/s/ DAVID J. RENTSCH_____
                             David J. Rentsch