UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

\# U.S.DC. No. 05 CV10702-NG

Sean S. Piggott, pro se
    Plaintiff,

VS

    Defendants.

Motion For Appointment
of Counsel

    With this instant motion, the plaintiff, Sean S. Piggott, pro se, respectfully moves this Honorable Court to issue an order that would subsequently furnish him with counsel.

    The plaintiff submits an affidavit (sworn) in support of this motion. In further support of this motion, he states that he is attempting to challenge his Florida conviction but is being held, is incarcerated in Massachusetts. Furthermore, he states that whenever issues are raised relevant to Florida State issues, he is in a disadvantage because he can not oppose such issues.

Respectfully Submitted,
By and For The Plaintiff

Dated: 11/23/05

Sean S. Piggott, pro se
Souza-Baranowski Corr. Ctr.
Post Office Box 8000
Shirley, Massachusetts
          01464

CERTIFCATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS MOTION (WITH AFFIDAVIT) WAS SERVED UPON THE DEFENDANTS VIA THEIR COUNSEL ON THIS __23__ DAY OF __November__, 2005

Dated: __11/23/05__

Respectfully Submitted,
By and For The Plaintiff

_____
Sean S. Piggott, pro se
Souza-Baranowski Corr. Ctr.
Post Office Box 8000
Shirley, Massachusetts
       01464

SWORN AFFIDAVIT OF SEAN S. POGGOTT

UNDER OATH, I STATE THE FOLLOWING:

1. My name is Sean S. Piggott.

2. I am a state prisoner for both, the Commonwealth of Massachusetts (Currently) and the State of Florida (From and After).

3. On or about 4/__/05, I filed a Pro Se Civil Action Complaint due to both, the Commonwealth of Massachusetts and the State of Florida for not furnishing me with Access to Courts (Florida Law), thus, I was/am not allowed to challenge my Florida sentence.

4. I have filed various criminal post conviction motions [RE: State of Florida VS Sean Piggott - Fifth Judicial Circuit - Case No. 99-001402 CF a02] and the answer is "denied for failure to comply with Florida Statute..."

5. I am put in a no win situation by not being allowed to challenge my Florida conviction, at the same time of not being able to adequately comply with Florida Statute, the only other alternative means by which fairness would be applied and/or furnished in this instant case is to appoint counsel.

Signed on this 23 Day of November, 2005 unser the pains and penalties of perjury

Dated: 11/23/05

Sean S. Piggott, pro se
Souza-Baranowski Corr. Ctr.
Post Office Box 8000
Shirley, Massachusetts
01464

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
(FLORIDA)

STATE OF FLORIDA         :
                         :
                         :
VS                       :         CASE NO. 99-001402  cf a02
                         :
SEAN PIGGOT        .     :
_____  :

POST CONVICTION
MOTION FOR FREE TRANSCRIPTS

WITH THIS INSTANT MOTION, THE DEFENDANT, SEAN PIGGOTT RESPECTFULLY MOVES THIS HONORABLE COURT TO ISSUE AN ORDER THAT WOULD SUBSEQUENTLY FURNISH HIM, THE DEFENDANT WITH A COPY OF THE TRANSCRIPTS FOR THE DATES MENTIONED BELOW:

03-09-00
03-10-00
09-07-00
10-20-00

SUCH TRANSCRIPTS ARE NEEDED FOR MATTERS, MATERIAL ISSUES RELEVANT TO A POST CONVICTION (MOTION FOR NEW TRIAL ETC..) IN WHICH HE IS FILING CHALLENGING HIS CONVICTION(s) WITHIN THE STATE OF FLORIDA. HE NEEDS THESE TRANSCRIPTS FREE OF CHARGE DUE TO HIS INDIGENT STATUS.

DATED: 8/30/2005

REPECTFULLY SUBMITTED,
BY AND FOR THE DEFENDANT

*Sean Piggott*

SEAN PIGGOTT          PRO SE
SOUZA-BARANOWKI CORR. CTR.
POST OFFICE BOX 8000
SHIRLEY, MASSACHUSETTS 01464

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY
(FLORIDA)

STATE OF FLORIDA         :
                         :
                         :
VS                       :        CASE NO. 99-001402 CF A02
                         :
SEAN PIGGOTT             :
_____:

**SEAN PIGGOTT'S AFFIDAVIT
IN SUPPORT OF HIS
POST CONVICTION
MOTION FOR FREE TRANSCRIPTS**

1. MY NAME IS SEAN PIGGOTT.

2. I AM SERVING SEVERAL SENTENCES FOR BOTH, THE COMMONWEALTH OF MASSACHUSETTS AND THE STATE OF FLORIDA.

3. I AM CURRENTLY SERVING A 7 - 10 YEAR SENTENCE WITHIN THE COMMONWEALTH OF MASSACHUSETTS (SOUZA-BARANOWSKI CORRECTIONAL CENTER) WITH AN ADDITIONAL 5 - LIFE SENTENCES TO BE SERVED IN FLORIDA, FROM AND AFTER THE MASSACHUSETTS SENTENCE.

4. THERE ARE ISSUES THAT I AM RAISING VIA A POST-CONVICTION MOTION, BUT TO BEST PREPARE FOR SUCH MOTION, I NEED THE TRANSCRIPTS OF VARIOUS HEARINGS AS MENTIONED WITHIN MY MOTION. [I.E.  03-09-00; 03-10-00; 09-07-00 and 10-20-00.

5. I AM CURRENTLY WITHOUT THE FINANCIAL SUPPORT TO PAY FOR THESE TRANSCRIPTS AND THIS INSTANT COURT HAS FOUND ME TO BE INDIGENT.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 8/30 DAY OF AUGUST, 2005.

_____
SEAN PIGGOTT
SOUZA-BARANOWSKI CORR. CTR.
POST OFFICE BOX 8000
SHIRLEY, MASSACHUSETTS 01464

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 99-1402CF A02

STATE OF FLORIDA

vs.

SEAN PIGGOT,

    Defendant.
_____/

### ORDER DENYING RELIEF

THE defendant's Motion for Post Conviction Relief filed September 8, 2005 is denied for failure to comply with Florida Statute 57.085.

DONE AND ORDERED in Palm Beach County, Florida this 19th day of September 2005.

RICHARD I. WENNET, CIRCUIT JUDGE

Copies furnished:
Sam Guelli, Assistant State Attorney, 401 North Dixie Highway, W. Palm Beach, FL 33401
Sean Piggott, Inmate, Souza Baranowki Correctional Ctr., P.O. Box 8000, Shirley, Mass. 01464

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT OF FLORIDA,

IN AND FOR PALM BEACH COUNTY

CASE NO.: CA 02-010661 AA

SEAN S. PIGGOTT

vs.

STATE OF FLORIDA

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

**THIS CAUSE** came before the court on Petitioner's Petition for Writ of Habeas Corpus ad Testificandum. This Court, having reviewed the petition, and the court file, and being otherwise fully advised in the premises, hereby **FINDS** that:

1. Petitioner is presently incarcerated in Souza-Baranowski Correctional Center, Massachusetts. The Petitioner is requesting this Court to issue a writ of habeas corpus ad testificandum that directs the Massachusetts Prison Official and Superintendent to produce the Petitioner before this Court for determination of the final disposition of these appellate and judicial matters.

2. A writ of Habeas Corpus Ad Testificandum is used to secure the attendance of an incarcerated witness at pretrial proceedings or at trial. See State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207 (1933); Hodgins v. State, 139 Fla. 226, 190 So. 875 (1939). The issuance of the writ is in the discretion of the trial court and in most instances its use has been superseded

Order Denying Writ
Case No.: CA 02 -010661 AA

by statute. See Moody v. State, 418 So.2d 989 (Fla.1982); Baker v. State, 47 So.2d 728 (Fla.1950), Therefore, since habeas corpus is a highly prerogative writ, petitions for habeas corpus ad testificandum, as other petitions for writs of habeas corpus, should not be granted when the relief sought can be obtained through other legal processes. See Frizzell v. State, 238 So.2d 67 (Fla.1970); State ex rel. Singleton v. Walters, 158 So.2d 513 (Fla.1963).

3. Here, Petitioner alleges that he is seeking to be transported from a Massachusetts state prison to appear in Court, in Florida, in order to address appellate and judicial matters. However, upon careful review the Court finds no record of (i) any jurisdictional allegations that invoke this Court's authority over a Massachusetts inmate (ii) any facts that support the claim that there is a hearing or trial scheduled or pending, that involves the Petitioner's presence.

4. Because a proceeding in habeas corpus is civil rather than criminal in nature, the petition must make out a prima facie case. Flicker v. Duff, 290 So.2d 129, 130 (Fla. 1st DCA 1974). The Petitioner has not made a prima facie case as to a petition for a writ of habeas corpus ad testificandum. Moreover, the Fourth District Court of Appeal heard and affirmed the Petitioner's appeal and this Court is not the proper forum to address any matters pertaining to said appeal.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Petitioner's Petition for Writ of Habeas Corpus ad Testificandum is **DENIED**.

**DONE** and **ORDERED** at Chambers in West Palm Beach, Palm Beach County, Florida on this 15th day of October, 2002.

Ronald V. Alvarez
Circuit Court Judge

SIGNED AND DATED
OCT 15 2002

Copies furnished to :

JUDGE RONALD V. ALVAREZ