**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER:

# U.S.D.C. # 05-CV-10702 NG.

|                                                  |   |                                                                                                 |
| ------------------------------------------------ | - | ----------------------------------------------------------------------------------------------- |
|                                                  | : |                                                                                                 |
| SEAN S. PIGGOTT, PRO SE<br>     PLAINTIFF,       | : |                                                                                                 |
|                                                  | : | **BRIEF IN SUPPORT OF**                                                                         |
| **VS**                                           | : | **PLAINTIFF'S MOTION FOR**                                                                      |
|                                                  | : | **TEMPORARY RESTRAINING**                                                                       |
| FLORIDA DEPARTMENT OF CORRECTION                 | : | **ORDER AND/OR PRELIMINARY**                                                                    |
|                ET AL                             | : | **INJUNCTION**                                                                                  |
|     **DEFENDANTS.**                              | : |                                                                                                 |
|                                                  | : |                                                                                                 |

**STATEMENT OF THE CASE:**

This is a § 1983 (Title 42 U.S.C.A.) Civil Rights action
filed by a state prisoner within the Massachusetts Department of
Correction (Currently serving a Massachusetts sentence with a
from and after sentence for the State of Florida), seeking decla-
ratory judgment, injunctive relief and damages, against the above-
named defendants, alleging inter alia, ongoing violations of his
constitutional rights, thus, alleging that both, the state of
Florida and the Commonwealth of Massachusetts, by failing to pro-
vide him with adequate library in reference to florida law while
being held/serving time in Massachusetts, is denying him reason-
able access to the Courts and equal protection as guaranteed by
the First and Fourteenth Amendments

**STATEMENT OF FACTS:**

As set forth in detail in the attached Affidavit of Sean S. Piggott, defendants have retaliated against him for filing a complaint (this instant case) against them by "losing" his legal documents, taking away his institutional job among other tactics and/or actions. (See Affidavit)

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER DIRECTING DEFENDANTS TO RETURN HIS PERSONAL LEGAL MATERIALS.

A litigant may be granted a temporary restraining order (TRO) by a federal court upon a showing that (s)he is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a TRO is granted, that the TRO is consistent with the public interest, and that (s)he has a strong likelihood of success in the lawsuit. Murphy v. Society of Real Estate Appraisers, 388 F. Supp. 1046, 1049 (E.D. Wisc. 1975).

Plaintiff is entitled to a TRO under these standards.

#### a. IRREPARABLE INJURY

The loss of constitutional rights, even for short periods of time, constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976); Deerfield Medical Center v. City of Deer-

field Beach, 661 F.2d 328, 338 (5th Cir. 1981). The deprivation of plaintiff's legal materials clearly violates the United States Constitution. Retaliating against plaintiff for filing a lawsuit/ complaint against defendants further inflicts an irreparable injury. Furthermore, every day the defendants retain the materials, plaintiff is delayed in filing his challenge to his criminal conviction, and every day increases the risk that the defendants willl loss or destroy the materials. Taking the above stated facts and coupled with the facts set out within the complaint of the plaintiff not being allowed to research potential issues relevant to his Florida Criminal Case.

b. ABSENCE OF HARM TO THE ADVERSE PARTY

The defendants have no legitimate interest in keeping plaintiff's legal materials, in delaying the filing of his criminal case or even taking away his institutional job among the other actions mentioned within the plaintiff's affidavit. Thus, there will not be harm to the defendants from TRO.

c. PUBLIC INTEREST

The public interest is best serve when all persons, including prisoners, enjoy unimpaired access to the courts. See Bound v. Smith, 430 U.S. 17 (1977).

d. LIKELIHOOD OF ULTIMATE SUCCESS ON THE MERITS

Plaintiff's likelihood of winning a final judgment on the issue of not being furnished with access to court is overwhelming. Prisoners' right to petition the courts, to prepare legal papers for this purpose, and to be free of retaliation as well as to be free of confiscation of these papers is so well established as to be unquestionable. Bound v. Smith Supra; Franklin v State of Oregon, 662 F.2d 1337 (9th Cir. 1981.

**WHEREFORE,** the Court should grant a temporary restraining order or, in the alternative, a preliminary injunction, directing defendants to furnish plaintiff with access to courts (Florida Law); to return his legal materials and to return him to his job forthwith.

Respectfully Submitted,
By and For The Plaintiff

Dated: _12/ 3 / 05_

Sean S. Piggott

Sean S. Piggott *PRO-SE*
Souza-Baranowski Corr. Ctr.
Post Office Box 8000
Shirley, Massachusetts 01464

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT A TRUE AND
CORRECT COPY OF THIS MATTER WAS
SERVED UPON THE DEFENDANTS, VIA
THEIR ATTORNIES, ON THIS _3_
DAY OF _December_, 2005 (FIRST
CLASS MAIL)

Sean Piggott

SEAN S. PIGGOTT *PRO-SE*
SOUZA-BARANOWSKI CORR. CTR.
POST OFFICE BOX 8000
SHIRLEY, MASSACHUSETTS 01464