UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER

# U.S.D.C. # 05-CV-10702-NG.

SEAN S. PIGGOTT, PRO SE
      PLAINTIFF,

VS

FLORIDA DEPARTMENT OF CORRECTION,
                    ET AL.
      DEFENDANTS.

SWORN AFFIDAVIT OF
SEAN S. PIGGOTT

**SEAN S. PIGGOTT** STATES UNDER PENALTIES OF PERJURY:

    1. I am the plaintiff in the above-entitled case. I make this affidavit in support of my motion for a temporary restraining order and/or preliminary injunction.

    2. My reason(s) for submitting my motion for a temporary restraining order and/or preliminary injunction is simple. Agents here at the Souza-Baranowski Correctional Center [I.E. Officers of the Inner Perimeter Security - (I.P.S.); Sgt. Ricard Bennett; Deputy Superintendent Anthony Mendonsa and Superintendent Lois Russo], have all retaliated against me for filing a complaint with this court. See Complaint. Among the issues raised within such mentioned complaint is the fact that I am not furnished with access to courts (Florida Law) thus, I am not allowed to challenge my conviction.

    3. The actions of these agents, as mentioned within paragraph 2 (two) of this affidavit, have been: A) they have conspired to unemploy me several times since the filing of my lawsuit/

complaint.

4. On June 1, 2005 a frivolous Disciplinary Report was filed against me. See Attachment (A-L/A-m). There was 5 charges filed in which they were eventually dismissed on June 23, 2005. I was out of work for 7 weeks as a result.

5. On October 25, 2005, I was placed in segregation pending an investigation for alleged violations. See Attachment (A-N). This was an order per Lois Russo. Please note that Lois Russo (Superintendent) is a named defendant in this instant case.

6. It is well known within S.B.C.C. that Ms. Russo plays favorites between prisoners and retaliates against those that question her motives. Such as she created a fifth (5th) slot on the paint crew to accomodate a prisoner she favors (Robert Allison) and that as a favor to Associate Commissioner John Marshall she hired another level one escape risk (Mike Thompson).

7. Yet, I have been told that I can't have my job back (even after found not guilty of a Disciplinary matter - see attachment (A-N) because of so-called named enemies (7 total) at S.B.C.C. It is also well documented that it is Ms. Russo and her agents that have refused to allow me to be moved to another institution, and therefore, live in population with these so-called enemies. (please see my complaint in this instant case). That these so-called enemies have existed for years while I was working on the paint crew (without incident) while I have been housed here at S.B.C.C. for four years. She had even allowed couple of these

same so-called enemies to live within the same housing unit as me, placed there by Assignment Officer Ricardo Bennett who is now joined with the others in this retaliation, in which it has already costing me already 5 weeks loss of wages, an equalavant of $ 100.00 dollars, also 20 percent of which should have gone towrds my filing fees in this instant case.

8. Furthermore, I am constantly being bothered by the I.P.S. team due to my lawsuit (this instant case) I also request that part of the TRO they are directed to leave me alone and stop the harrassment.

9. On June 1, 2005, when I was lugged to the Segregation unit due to Disciplinary matter # 56765 (which was dismissed) my legal documents/papers were then lost by agents of S.B.C.C. Such documents as, but not limited to the first volume of my trial transcripts and 40 pages were wet, had water damage of Volume 2 of the trial transcripts among others.

10. I filed a grivance (See Attachment A-O / A-P ) Further, see appeal of same and response of same all by I.P.S. Sgt. MacDermott who handles grieveances. I.P.S. Captain Mullen handled the appeal.

signed on this __3__ day of _December_ 2005

_Sean S. Piggott_
Sean S. Piggott
PRO-SE

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

A-L  /29

| | | | | |
|---|---|---|---|---|
| **Inmate** | PIGGOTT, SEAN | **Commit No** W61546 | **Housing Unit** M3 |
| **Date** | 02-JUN-2005 | **D- Report No.** 56765 | **Institution** SOUZA-BARANOWSKI CORRECTIONAL |

**OFFENSE(S) & CODE NO.:**
- 01-DISOBEYING AN ORDER, LYING, INSOLENCE
- 02-VIOLATING ANY DEPARTMENT RULE OR REGULATION
- 08-CONDUCT WHICH DISRUPTS
- 18-FIGHTING WITH, ASSAULTING, OR THREATENING ANOTHER PERSON WITH ANY OFFENSE AGAINS PERSON OR PROPERTY
- 19-OBSCENE/ABUSIVE/THREAT LANGUAGE

**Major** [X]     **Minor** [ ]

**Description of Offense(s)**

On June 1, 2005 at approximately 2:00 P.M. inmate Piggott, Sean W61546 was in violation of the following disciplinary codes 2,8,18,19.

On the above time and date Inner Perimeter Security Officer Kevin Shepard while escorting another inmate to the Special Management Unit. Did hear inmate Piggott say, "That's the rat inmate from H1". This was said in front of other officers and inmates on the level 3 corridor.

This reporting officer interviewed inmate Piggott about the statement, at which time he denied making that particular statement. However, inmate Piggott claimed that he said "That's the piece of shit that burned all of those buildings in Worcester."

Inmate Piggott was then brought to the HSU trauma room for segregation clearance. All appropriate authorities were notified.

---

**Has Inmate been placed on Awaiting Action Status**     Yes [X]     No [ ]

**Referred to DA**     [ ] Yes     [X] No          **Referred to DDU**     [ ] Yes     [X] No

**Reporting Staff**     Kevin Shepard P          **Date** 02-JUN-2005     **Time** 14:15

**Days off**     Sun  Mon
**Shift**     flex

**Shift Commander**     Michael Mellen R          **Date** 02-JUN-2005     **Time** 14:27

**Disciplinary Officer**     James Hart R          **Date** 03-JUN-2005     **Time** 06:50

**Results**     DISMISSED

| Code Description | Sanctions | Start Date | End Date | # of Units | SS |
|---|---|---|---|---|---|
| | | Date | | | Time |

20050623 13:26

# COMMONWEALTH OF MASSACHUSETTS

A-m/Ps

## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

| | | | | | |
|---|---|---|---|---|---|
| **Inmate** | PIGGOTT, SEAN | **Commit No** | W61546 | **Housing Unit** | M3 |
| **Date** | 02-JUN-2005 | **D- Report No.** 56765 | | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |

**Reviewing Authority**   Duane MacEachern                                          03-JUN-2005         10:00

20050623 13:26

A-N1PS

# Attachment - A

Department Of Correction                           Date: October 25, 2005
Souza-Baranowski Correctional Center
P.O. Box 8000
Shirley, Massachusetts 01464


Inmate:____Piggott, Sean_____    Commitment Number:__W61456

    I am waiving all procedural time limits as cited in Department Order 4310.1A, Section 430.21. I have received information that you may have violated a rule of the institution and / or violated a law of the Commonwealth. I have ordered an administrative investigation into this violation. This investigation will not be completed within a twenty-four (24) hour period, but will be completed as soon as possible.

    ( X )  You are under investigation for allegedly violating an institutional rule or law of the Commonwealth, and your continued presence in population poses a serious threat to persons property or the security of the institution. During this investigation you will be place in the Special Management Unit in Pending Investigation Status. During this time your case will be reviewed on a weekly basis and you will receive a copy of the results. You will be released from the Special Management Unit upon completion of the investigation.

    (  )  You are under investigation for allegedly violating an institutional rule or law of the Commonwealth but it does not pose a threat to staff or security at this time. You will be allowed to continue in a normal manner (no lock in). Your case will be reviewed a weekly basis and you will receive a copy of the results. It should be understood that if at any time during this investigation information surfaces which threatens staff, inmate, or security, you will be placed in the Special Management Unit.

                                                       10/26/05
                                Lois Russo, Superintendent           Date

I hereby acknowledge receipt of this notice and understand the conditions of this investigation.

_Sean Piggott_____    11/05/05     1:10 P.M.
Inmate's Signature                                           Date           Time

Where an inmate has been given a copy of this notice but refuses to sign the acknowledgment, the following should be completed:

    I personally delivered a copy of this notice to the above name inmate, _____, however, he has refused to sign the acknowledgment.

    Officer's Name (type or print) _____
                                                                                          Date      Time

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | |
|---|---|---|---|---|
| **Name** | PIGGOTT SEAN | **Grievance#** 11275 | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |
| **Commit No.** | W61546 | **Housing** H1 | **Date Of Incident** 20050607 | **Date Of Grievance** 20050613 |

**Complaint** an entire volume of my legal transcripts are missing. volume 2 is wet for the first 40 pages. packed and stored by staff during recent d report.

**Remedy Requested** i don't know. pay for replacement. don't let it happen again to anyone else.

**Staff Recipient** McDermott Barbara J  CO II

**Staff Involved** _____

**Signature** _____

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050621  **Decision Date** 20050630

**Signature** McDermott Barbara J  CO II

**Final Decision** DENIED

**Decision** After the interview process and a review of the documentation it was determined that all legal work in your cell at the time of placement in SMU was brought to you and signed for on 6/6/05.

**Signature** _____  **Date** _____

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | PIGGOTT SEAN | | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |
| **Commit No.** | W61546 | **Grievance#** 11275 | **Date Received** | 20050621 |

**Signature** McDermott Barbara J  CO II



## The Commonwealth of Massachusetts
## Executive Office of Public Safety

### Department of Correction
### Souza-Baranowski Correctional Center



**Mitt Romney**
Governor
**Kerry Healy**
Lieutenant Governor
**Edward A. Flynn**
Secretary

P. O. Box 8000
Shirley, Massachusetts 01464

**Kathleen M. Dennehy**
Commissioner
**James R. Bender**
Deputy Commissioner
**Lois Russo**
Superintendent

July 15, 2005

Mr. Sean Piggott, W-61546
Souza-Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

RE: Property

Dear Mr. Piggott:

Your letter addressed to Superintendent Russo dated July 5, 2005 has been forwarded to me for a response. The process currently used for the accountability of property is designed to prevent the loss of items. Due to the volume and complexity of accounting for, and tracking property, there is always a potential for errors to occur. Every effort is made to avoid lost property and every instance is thoroughly investigated.

I trust this addresses your issue.

Sincerely,

Michael Mellen, Administrative Captain

MM/bs

cc:  Lois Russo, Superintendent
     Inmate file
     file