UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEAN S. PIGGOTT,                               No. 05-cv-10702-NG

    Plaintiff,

    v.

FLORIDA DEPARTMENT OF
CORRECTIONS, et al,

    Defendants.

### DEFENDANT DENNEHY'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR A PRELIMINARY INJUNCTION

Defendant Kathleen M. Dennehy hereby opposes the plaintiff's motion for a TRO/PI (P#17). The plaintiff fails to meet the criteria for a preliminary injunction. As the party moving for preliminary injunctive relief, Mr. Piggott bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief. See Planned Parenthood League of Massachusetts v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981).

As an initial matter, Mr. Piggott must first establish a relationship between the injury claimed in his motion and the conduct asserted by the complaint in the underlying action. Devose

2

v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) No such relationship appears to exist here insofar as Mr. Piggott does not complain of actions by any of the named defendants. In his supporting affidavit (P#19), he asserts that Lois Russo, the superintendent of the Souza-Baranowski Correctional Center (SBCC), and certain members of her staff retaliated against him. (Plaintiff's Affidavit, ¶ 2) None of those individuals is a party to this civil action.[1] A preliminary injunction is not appropriate as to persons who are not parties to the case and over whom the Court has no jurisdiction.

Mr. Piggott seeks to prevent Commissioner Dennehy from engaging in retaliation, but his claim is unsubstantiated by any factual assertion. His fear of retaliation is merely speculative and does not present the threat of immediate, irreparable harm. "Speculation or unsubstantiated fears of what may happen in the future cannot provide the basis for a preliminary injunction." In re Rare Coin Galleries, Inc., 862 F.2d 896, 902 (1st Cir. 1988) Injunctive relief may not be based on the mere possibility or unfounded fear of some future injury. Martin v. O'Grady, 738 F.Supp. 1191, 1195 (N.D. Ill. 1990) Moreover, there is every presumption that public officials are motivated to act honestly and appropriately. LaPointe v. License Board of Worcester, 389 Mass. 454, 459, 451 N.E.2d 112 (1983).

---

[1] Mr. Piggott incorrectly asserts that Lois Russo, the superintendent of the Souza-Baranowski Correctional Center, is a named defendant. (Plaintiff's Affidavit, ¶ 5)

3

To support his claim, Mr. Piggott refers to events that took place on June 1, 2005, as evidence of retaliation. (Plaintiff's Affidavit, ¶¶ 4, 9). However, in the return of service filed with the Court (P#8), the United States Marshal reported that Ms. Dennehy was served with the complaint and summons on July 19, 2005. There is no indication that Ms. Dennehy or any other Massachusetts prison official knew of Mr. Piggott's lawsuit prior to July 19, 2005. The "chronology of events" does not support an inference of retaliation here. Compare, McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979).

To the extent that Mr. Piggott complains about his placement in the segregation unit while prison officials conducted an investigation, his complaint is moot. (Plaintiff's Affidavit, ¶ 5) Mr. Piggott was released from the segregation unit on November 11, 2005. (Affidavit of Maria Sazonick, ¶ 4)[2] He returned to the general prison population on that date, and he is currently housed in a general population unit at the Souza-Baranowski Correctional Center. Id.

WHEREFORE, the plaintiff's motion should be denied.

---

[2] Maria Sazonick is a paralegal at the Souza-Baranowski Correctional Center. Her affidavit is attached hereto.

4

```
                              KATHLEEN M. DENNEHY

                              By her attorney,

                              NANCY ANKERS WHITE
                              Special Assistant Attorney General


Date: December 30, 2005       __/s/ DAVID J. RENTSCH_____
                              David J. Rentsch, Counsel
                              Legal Division
                              Department of Correction
                              70 Franklin Street, Suite 600
                              Boston, MA  02110-1300
                              (617) 727-3300, ext. 142
                              BBO #544926
```

CERTIFICATE OF SERVICE

   I, David J. Rentsch, certify that on this day I caused a copy of the foregoing paper to be mailed to each of the following persons by first class mail, postage pre-paid:

   ??Sean S. Piggott, pro se,
      Souza-Baranowski Correctional Center
      P.O. Box 8000
      Shirley, MA  01464; and,

   ??Joe Belitzky, Esq.
      Senior Assistant Attorney General
      Office of the Attorney General
      The Capitol, PL-01
      Tallahassee, FL  32399-1050

```
Date: December 30, 2005       __/s/ DAVID J. RENTSCH_____
                              David J. Rentsch
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEAN S. PIGGOTT,                        No. 05-cv-10702-NG

    Plaintiff,

    v.

FLORIDA DEPARTMENT OF
CORRECTIONS, et al,

    Defendants.

### AFFIDAVIT OF MARIA SAZONICK

I, Maria Sazonick, hereby depose and state as follows:

1. I am employed by the Massachusetts Department of Correction (DOC) as a Paralegal at the Souza-Baranowski Correctional Center (SBCC) in Shirley, Massachusetts. SBCC is a Level 6 (maximum-security) correctional facility operated by the DOC.

2. The statements contained herein are based upon my review of DOC records which are kept during the normal course of business at SBCC.

3. Sean Piggott (W61546) is an inmate who is currently confined at SBCC. On October 27, 2005, Mr. Piggott was placed in the Special Management Unit (SMU) on administrative segregation status. Later that day, he was transferred to the Health Services Unit (HSU) at SBCC. He remained in the HSU until November 1, 2005 when he was transported to the Lemuel Shattuck Hospital in Boston. Mr. Piggott returned to SBCC from the hospital later that same day.

2

4. Upon his return from the hospital on November 1, 2005, Mr. Piggott was housed in the SMU at SBCC until November 11, 2005. On November 11, he was released from the SMU and placed back into the general prison population. He is currently housed in the general population here at SBCC.

Signed under the pains and penalties of perjury this 30th day of December 2005.

*Maria Sazonick*
Maria Sazonick