UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 05-10702-NG

SEAN A. PIGGOTT,
    PLAINTIFF,

VS

FLORIDA DEPARTMENT OF
CORRECTION, ET AL.,
    DEFENDANTS.

PLAINTIFF'S PRO SE:

RESPONSE TO DEFENDANT
DENNEHY'S OPPOSITION
MOTION FOR A TRO/PI

THE HONORABLE **NANCY GERTNER**
**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

RE: SEAN A. PIGGOTT V. FLORIDA DEPARTMENT OF CORRECTION, ET AL
    CIVIL ACTION NUMBER: **U.S.D.C. NO. 05-cv-10702-NG**

Dear Judge Gertner:

    Please accept this letter-Brief-Motion in lieu of a more formal brief in opposition to Defendatn's (Dennehy) "...Opposition To The Plaintiff's Motion For A Temporary Restraining Order And/Or A Preliminary Injunction."

### ARGUMENT

    Right from the start, Defendant Kathleen M. Dennehy opposes "...the plaintiff's motion for a TRO/PI (P#17). The plaintiff fails to meet the criteria for a preliminary injuction. As the party moving for preliminary injunctive relief, Mr. Piggott bears

the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion..."

(1) THE POTENTIAL FOR IMMEDIATE, IRREPARABLE INJURY

Plaintiff Sean Piggott claims he has shown irreparable injury.

Defendant Dennehy's agents, whom are under her supervision and control, I.E. employees Lois Russo (Superintendent); Anthony Mendosa (Seputy Superintendent); Recardo Bennett (Assignment officer and Inner Perimeter Security Team/Staff (I.P.S.) have caused irreparable harm to plaintiff; having lost valuable documents mentioned in exhibit A-O and A-P (exhibits attached to his Motion for TRO/PI). Thus, having caused to be damaged 40 pages of Volume 2 of trial transcripts. Also, by opening of legal work recently sent to Federal Clerk. Furthermore, by denying Plaintiff access to Florida case law for 5 Years, in which the defendants themselves acknowledged within their Answer to The Complaint. See page 1, line 12 #1 Admit of their Answer. Also Page 2, Line 11, Admit "The Mass. D.O.C. has not furnished Piggott with access to Florida Legal referenced materials."

While confined in Segregation, Due to D-Report #56765,

see exhibits A-L and A-M. Plaintiff was put at irreparable injury by way of loss of legal materials. Also See exhibit A-O and A-P.

Plaintiff does not mean to mislead Counsel for defense however, the fact that all named persons in request for TRO/PI are mamed in the U.S.D.C. 05-CV-10702 N.G. by documentation submitted to the Federal Court.

Defendant's attorney claims on page 3, paragraph 1, To support his claim that the plaintiff, Mr. Piggott refereR to events that took place on June 1, 2005 as evidence of retaliation, and that Ms. Dennehy Nor any other Massachusetts prison officials knew of Mr. Piggott's Lawsuit prior to July 19, 2005 and that "Chronology of events" does not support an inference of retaliation here. This is not true ! The fact is that this statement by Counsel is a direct insult to this Honorable Court. On April 4th, 2005, on the Caption portion of this Courts' Procedural Order, some 2 (two) months prior to June 1, 2005, dated April 18, 2005 by the Honorable Nancy Gertner, which prison officials were ordered to deduct filing fees. The names of each Defendant are clearly named and such order was sent to the prison in order to following the courts ruling. To suggest that they had no idea is an insult to this Court.

Furthermore, the core of Plaintiff's argument therein is not that he was locked up in segregation (although it raises other issues) it is being kept from his legal work while in the segregation unit.

Also, the plaintiff complains that Exhibit A-N is an illegal document in that the Department order 4310.1A Section 430.21 does not apply to his confinement that the date of the issuance and signature of receipt are past any procedual deadlines. That this document was used as a tool to keep the plaintiff locked in the segregation unit, thus, away from his legal work for 2 weeks and subsequently has caused irreparable harm to him and his income as his job as a painter, that paid him $ 20.00 per week was taken due to the same disciplinary matter in question, in which there were no Disciplinary Report filed. See Exhibit A-N attached. Loss of Constitutional rights even for a short time.

(2) THE LIKELIHOOD OF SUCCESS ON THE MERITS OF THE CASE

This issue is before this Honorable Court. Plaintiff has tried to demonstrate the merits to the best of his abilities. Plaintiff is handicaped by loss of work/job as a result of exhibit A-N and his ability to earn good time causes further irreparable harm and hampers the merits of this case to it's preparability. which makes a ripple effect in that it leads to.....

(3) THE RELEVANT BALANCE OF HARDSHIP IS THE INJUNCTION DOES NOT ISSUE

The relevant balance of hardships of the injunction does not issue:

> If the plaintiff has no income, he can not mail legal mail until his prison account is at $ 10.00 or less for 60 days based on an institutional/departmental rule.
>
> If the plaintiff can not earn good time for work as such there is a very relevant balance affected and plaintiff strongly believes this is known by the agents of Defendant Kathleen Dennehy.

**(4) THE EFFECT ON THE PUBLIC INTEREST OF A GRANT OR DENIAL OF THE MOTION**

Simply put, the Defendants have no legitimate interest in keeping plaintiff's legal material, in delaying the filing of his criminal case's post conviction documents/petitions/motions etc. and even the taking away of his institutional job among the other actions mentioned within the complaint and related documents through-out this instant case. Thus, there will not be harm to the defendants from a TRO/PI.

**Therefore**, The Public interest is best served when **all** persons, including prisoners, enjoy unimpaired access to the courts. See Bound V Smith, 430 U.S. 17 (1977).

**NOTE:** IN ADDITIONAL SUPPORT HEREIN, THE PLAINTIFF ATTACHES THREE PAGES.

ATTACHMENT A (EXHIBIT A-N) WAS USED TO FALSELY CONFINE THE PLAINTIFF FOR A PERIOD OF 2 WEEKS AND TO KEEP HIM FROM HIS LEGAL PAPERS [I.E. DOCUMENTS THAT HAVE ALREADY SUFFERED LOSS AND DAMAGE.]

THUS, SHOWING THE HONORABLE COURT THE RETALIATION DOES EXIST, IT IS NOT MADE UP, EACH CHARGE IS VERIFYABLE. EACH DOCUMENT SUPPORTS THE CLAIMS.

THE LAST TWO ATTACHMENTS SHOWING COMPLETE IRREPARABLE DAMAGE CAUSED BY KATHLEEN DENNEHY; LOIS RUSSO; JOHN MARSHALL, IN WHICH ARE ALL AGENTS OF AND UNDER THE SUPERVISION AND CONTROL OF DEFENDANT DENNEHY.

RESPECTFULLY SUBMITTED
BY AND FOR THE PLAINTIFF

DATED: 1/9/06

_____
SEAN PIGGOTT    PRO SE
SOUZA-BARANOWSKI CORRECTIONAL CTR.
POST OFFICE BOX 8000
SHIRLEY, MASSACHUSETTS 01464

## Attachment - A

Department Of Correction                Date: October 25, 2005
Souza-Baranowski Correctional Center
P.O. Box 8000
Shirley, Massachusetts 01464


Inmate: __Piggott, Sean__          Commitment Number: __W61456__

 I am waiving all procedural time limits as cited in Department Order 4310.1A, Section 430.21. I have received information that you may have violated a rule of the institution and / or violated a law of the Commonwealth. I have ordered an administrative investigation into this violation. This investigation will not be completed within a twenty-four (24) hour period, but will be completed as soon as possible.

 ( X ) You are under investigation for allegedly violating an institutional rule or law of the Commonwealth, and your continued presence in population poses a serious threat to persons property or the security of the institution. During this investigation you will be place in the Special Management Unit in Pending Investigation Status. During this time your case will be reviewed on a weekly basis and you will receive a copy of the results. You will be released from the Special Management Unit upon completion of the investigation.

 (　) You are under investigation for allegedly violating an institutional rule or law of the Commonwealth but it does not pose a threat to staff or security at this time. You will be allowed to continue in a normal manner (no lock in). Your case will be reviewed a weekly basis and you will receive a copy of the results. It should be understood that if at any time during this investigation information surfaces which threatens staff, inmate, or security, you will be placed in the Special Management Unit.

                      10/26/05
           Lois Russo, Superintendent    Date

I hereby acknowledge receipt of this notice and understand the conditions of this investigation.

_Sean S. Piggott_           11/05/05   1:10 P.M.
Inmate's Signature           Date     Time

Where an inmate has been given a copy of this notice but refuses to sign the acknowledgment, the following should be completed:

 I personally delivered a copy of this notice to the above name inmate, _____, however, he has refused to sign the acknowledgment.

Officer's Name (type or print) _____
                         Date  Time




*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
Northern Sector
P. O. Box 9125
Concord, MA 01742-9125
(978) 405-6600
Fax:
(978) 405-6661

**Mitt Romney**
*Governor*
**Kerry Healey**
*Lieutenant Governor*
**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*
**James R. Bender**
*Deputy Commissioner*
**John Marshall, Jr.**
*Assistant Deputy Commissioner*

March 17, 2005

Sean Piggott, W61546
Souza-Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

Dear Mr. Piggott:

Your letter to Commissioner Kathleen Dennehy concerning your access to Florida case law has been referred to my office for response.

According to a review by the Department of Correction Legal Office, the Fourth Circuit Appeals Court of the State of Florida issued their mandate affirming the conviction on December 13, 2002. An appeal needed to be filed within fifteen (15) days. There was no further activity on this case and as such, this case is deemed closed by the Court. The Florida Supreme Court shows no motions being filed on this matter. As such, there does not appear to be a need to provide you with Florida case law at this time.

Please do not hesitate to contact my office if you have additional concerns.

Sincerely,

John Marshall, Jr.
Assistant Deputy Commissioner

cc:   Kathleen M. Dennehy, Commissioner
      Lois Russo, Superintendent
      Nancy White, General Counsel
      Inmate File
      File

 

**The Commonwealth of Massachusetts**
*Executive Office of Public Safety*
Department of Correction
Northern Sector
P. O. Box 9125
Concord, MA 01742-9125
(978) 405-6600

Fax:
(978) 405-6661

**Mitt Romney**
*Governor*
**Kerry Healey**
*Lieutenant Governor*
**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*
**James R. Bender**
*Deputy Commissioner*
**John Marshall, Jr.**
*Assistant Deputy Commissioner*

April 7, 2005

Sean S. Piggott, W61546
Souza-Baranowski Correctional Center
P. O. Box 8000
Shirley, MA 01464

Dear Mr. Piggott:

In response to your letter dated March 31, 2005 concerning an appeal in the State of Florida, please be advised that I asked a Department of Correction attorney to determine whether or not we are legally obligated to provide you with case law from that state.

In researching your request, please be advised that the Department of Correction checked with the pertinent Florida courts and both courts, the district court and the court of appeals, list you as not have a pending criminal matter in the State of Florida. Furthermore, the Florida dockets indicate there has been no activity on your cases in either the lower court or the Florida 4th Circuit District Court of Appeals for two years, a matter confirmed by a telephone call made to the 4th Circuit Clerk's Office on April 6, 2005. Notably, the matter has been deemed closed since December 13, 2002 when the Court issued its mandate, a final ruling after having denied the plaintiff's motion for a rehearing.

I trust this addresses your concerns. Be advised that I consider this matter to be closed.

Sincerely,

John Marshall, Jr.
Assistant Deputy Commissioner

cc:  Lois Russo, Superintendent
     Inmate File
     File