```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

SEAN S. PIGGOTT                    )
         Plaintiff                 )
                                   )
     v.                            )   C.A. No. 05-10702-NG
                                   )
KATHLEEN DENEHY,                   )
                                   )
         Defendant.                )
```

ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

For the reasons set forth herein, plaintiff's motion for counsel will be denied.

I.   Background

On April 4, 2005, pro se plaintiff Sean S. Piggott, an inmate at the Souza-Baranowski Correctional Center in Shirley, Massachusetts, filed this § 1983 action. The complaint names as defendants the Massachusetts Department of Correction and the Florida Department of Correction, and the respective commissioners of both entities, Kathleen M. Dennehy and James V. Crosby, in both their official and individual capacities. Plaintiff states that he been convicted of crimes in both Massachusetts and Florida, and that he is currently serving his Massachusetts sentence. His main claim in this action is that all of the defendants violated his liberty interests and denied him access to the courts, because they failed to provide him sufficient access to Florida legal materials in order to prepare a challenge to his Florida convictions. He also appears to

challenge his classification within the Massachusetts prison system.

On June 25, 2006, the court dismissed all claims against both state departments of correction, and against both commissioners in their official capacities (Docket No. 5).  On January 1, 2006, this court also granted defendant James V. Crosby's motion to dismiss all remaining claims against him. Accordingly, the only remaining defendant in this action is Kathleen M. Dennehy in her individual capacity.

On December 31, 2005, this court denied plaintiff's request for a temporary restraining order, finding that "emergency relief is entirely inappropriate here" because plaintiff had failed to make the requisite showing -- a likelihood of success on the merits of his claim, together with irreparable harm.

II.  Plaintiff's Motion For Counsel

Now before the court is plaintiff's Motion for Appointment of Counsel (Docket No. 16).  In his motion, plaintiff suggests that his need for appointment of counsel arises because he is unable to research Florida law in order to challenge his Florida conviction, and is therefore at "a disadvantage because he cannot oppose such issues [of Florida law]."

A civil plaintiff lacks a constitutional right to free counsel.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be

2

indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  Id.  In order to determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the totality of the situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id. at 24 (citations omitted).

The court has already determined that plaintiff is indigent, and has allowed him to proceed in forma pauperis in this action. (Docket No. 6).  Taken as a whole, however, this case does not present "exceptional circumstances" warranting the appointment of counsel.  First, plaintiff has filed a number of relatively complex pleadings in this court, and does not appear to be unable to represent himself.  Plaintiff's claim that he is hampered by his inability to research Florida law is not relevant to the question of whether he requires counsel to represent him in the instant action because, quite simply, this case no longer involves any Florida defendants, nor does it raise any questions of Florida law.  Second, the legal issues raised by the only remaining claims in this case -- against Kathleen Dennehy individually -- are not so particularly complex as to warrant the appointment of counsel.  Third, as far as can be determined at this juncture, the merits of plaintiff's remaining claims are

questionable and do not justify a determination that "extraordinary circumstances" exist in this case.  In short, this case presents no suggestion that the denial of counsel will result in fundamental unfairness impinging on plaintiff's due process rights.  See <u>DesRosiers</u>, 949 F.2d at 23.

Accordingly, plaintiff's motion for appointment of counsel is hereby DENIED.

SO ORDERED.

Dated at Boston, Massachusetts, this 11th day of July, 2006.

                                         <u>s/ Nancy Gertner</u>
                                   UNITED STATES DISTRICT JUDGE