```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

SEAN S. PIGGOTT                      )
           Plaintiff                 )
                                     )
      v.                             )   C.A. No. 05-10702-NG
                                     )
KATHLEEN DENEHY,                     )
                                     )
           Defendant.                )
```

**MEMORANDUM AND ORDER**

For the reasons set forth herein, plaintiff's request to modify or waive payment of the filing fee (Docket No. 23) is denied.

I. <u>Background</u>

<u>Pro</u> <u>se</u> plaintiff Sean S. Piggott ("plaintiff") is an inmate at the Souza-Baranowski Correctional Center in Shirley, Massachusetts. He filed this civil action on April 4, 2005, but failed to submit the $250.00 filing fee or an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. As directed by the court, plaintiff submitted an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on June 7, 2005 (Docket No. 3), accompanied by a statement from his prison account detailing all account activity for a six-month period preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(a)(2) (prisoners seeking to proceed <u>in</u> <u>forma</u> <u>pauperis</u> must submit a prison account statement "for the 6-month period

1

immediately preceding the filing of the complaint").[1]

On June 25, 2005, based on the information submitted by plaintiff, and applying the formula required by the Prison Litigation Reform Act ("PLRA") -- codified in part at 28 U.S.C. § 1915 -- the court granted plaintiff's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a)-(b). The court assessed an initial partial filing fee of $23.47[2], to be paid immediately from funds available in plaintiff's prison account (Docket Nos. 6 and 7). See 28 U.S.C. § 1915(b)(1) (providing for method of calculation and assessment of an initial partial filing fee). The court further directed Souza-Baranowski Correctional Center to deduct the remainder of the fee from plaintiff's account in monthly installments until the total fee of $250.00 has been paid. See 28 U.S.C. § 1915(b)(2) ("After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account....each time the amount in the

---

[1] The court notes that the prison account statement submitted by plaintiff covered only approximately a five-month period preceding the filing of the complaint -- from November 24, 2004 to April 24, 2005 -- rather than the six-month period required by 28 U.S.C. § 1915(a)(2). The court considered plaintiff's motion to proceed in forma pauperis despite this deficiency in plaintiff's submission.

[2] Under the PLRA, the submission of an application to proceed without prepayment of fees by a prisoner does not relieve him from his obligation to pay the full amount of the filing fee; it simply allows him to proceed without paying the entire filing fee up-front. 28 U.S.C. § 1915(b)(1)-(2). A prisoner litigant -- even one granted leave to proceed in forma pauperis -- must eventually pay the full amount of the filing fee. Section § 1915(b) allows a prisoner litigant to pay the filing fee in installments, according to the formulas set forth therein.

account exceeds $10...").

II. Plaintiff's Motion For Modification of Payment(s) of Filing Fees Or In The Alternative Request For Waiver Of Filing Fees

Now before the court is plaintiff's request that the court either waive the filing fee in its entirety, or eliminate his obligation to make monthly installment payments and allow him to pay the entire fee at the conclusion of this litigation. Plaintiff's one-paragraph motion does not detail any particular reason he believes he is entitled to such an accommodation, nor does the motion reference any legal authority.

Plaintiff also submitted a "Sworn Affidavit Of Sean S. Piggot" ("Affidavit") in support of his motion. Therein, plaintiff vaguely states that following the court's June 25, 2005 order regarding payment of the filing fee, "circumstances has [sic] changed as well as the Defendants' agents are not following the Court Order in the way that they should." Affidavit ¶ 5. Most of plaintiff's remaining allegation relate to activity in his prison account after October 2005, well after the court issued the original fee Order. See Affidavit ¶¶ 7-12.

Generously construing the allegations contained in the Affidavit, it appears that plaintiff's main concerns relate to (1) the timing of the prison's withdrawals from his account for payment of the fee, and (2) the timing of the prison's payroll

3

deposits to his accounts.³  Affidavit ¶¶ 7-10.  More specifically, plaintiff appears to complain that prison officials "wait until it is convinent [sic] for them, in which at the same time it puts a burden on me, before they take out that mentioned 20%, thus, creating an unfair hardship on me."  Affidavit ¶ 10. Plaintiff does not allege that the prison has miscalculated the amount of the installments due to the court, nor does he allege that the prison has refused to pay any funds due to him from any source.

    A.   <u>Request To Waive The Filing Fee</u>

Plaintiff did not cite to any legal authority in support of his request for a waiver of the filing fee.  Moreover, he cannot do so because, to the contrary, the effect of the Prison Litigation Reform Act has been to make the law quite clear on this point.  Even a prisoner who has been granted permission to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a)(1) <u>must</u> pay the full amount of the filing fee over time:

> Notwithstanding subsection (a)[which allows for <u>in forma pauperis</u> proceedings], **if a prisoner brings a civil action or files an appeal <u>in forma pauperis</u>, the prisoner shall be required to pay the full amount of a filing fee.**

28 U.S.C. § 1915(b)(1)(emphasis added).  Plaintiff's papers fail to set forth any grounds sufficient to suggest that this court

---

³ Plaintiff does not allege that the prison has withheld payroll funds, merely that it does not deposit them on a schedule that is readily apparent to plaintiff.  <u>See</u> Compl.

4

should disregard the clear requirements of this statute, and accordingly the court declines to do so.[4]

B.   Request To Modify Monthly Payment Schedule

Similarly, plaintiff does not cite any legal authority in support of his request that the court release him from the obligation to make monthly installment payments, and instead allow him to make full payment of the filing fee at the conclusion of this litigation.  Plaintiff's papers set forth no basis for this court to disregard the clear language of the PLRA, which mandates monthly payments by a prisoner litigant "of 20 percent of the preceding month's income credited to the prisoner's account...each time the amount in the account exceeds $10 until the filing fees are paid."  28 U.S.C. § 1915(b)(2). Plaintiff has chosen to pursue this litigation.  The mere fact that he feels that the required monthly installment payments have become "inconvenient" is not sufficient grounds to alter or modify the court's prior Order regarding payment of the fee.

Moreover, and perhaps more significantly, nowhere in his papers does plaintiff assert or suggest that his financial situation has deteriorated since the June 25, 2005 Order such

---

[4] The court notes that 28 U.S.C. Section 1915(b)(4) states that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  This provision, however, is inapplicable to plaintiff because he has already paid the initial filing fee, and because, as more fully set forth below, he continues to have sufficient funds to pay the monthly installments as directed by the court.

that he currently finds himself entirely without funds or otherwise unable to make the installment payments previously ordered by the court.  Indeed, the documents appended to his Affidavit strongly suggest that the opposite is true.  In the months following the court's June 25, 2005 Order, plaintiff had monthly deposits to his account totaling at least: $50.64 (July 2005); $ 80.53 (Aug. 2005); $110.42 (Sept. 2005); $100.41 (Oct. 2005); $70.00 (Nov. 2005); and $80.37 (Dec. 1005).  During the same time period, plaintiff made canteen purchases using funds in his account totaling at least: $105.65 (July 2005); $59.76 (August 2005); $96.05 (Sept. 2005); $146.62 (Oct. 2005); $53.39 (Nov. 2005); and $147.82 (Dec. 2005).  Thus, plaintiff appears to have more than adequate funds deposited to his account on a monthly basis -- from payroll and other sources -- to satisfy his obligation to the court, as well as to continue to make considerable canteen purchases.  The court, therefore, denies plaintiff's request to modify or waive the filing fee.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that plaintiff's motion (Docket No. 23) to modify or waive the filing fee is DENIED.
SO ORDERED.
Dated at Boston, Massachusetts, this 29th day of September, 2006.

                                                   /s/ Nancy Gertner
                                        UNITED STATES DISTRICT JUDGE