UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*original*

SEAN S. PIGGOTT,                  No: 05-CV-10702 N.G.
  PLAINTIFF,
    V.
FLORIDA DEPARTMENT
OF CORRECTION ET AL.,
  DEFENDANT'S.

## MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN OPPOSITION TO Ms. DENNEHY'S MOTION FOR SUMMARY JUDGEMENT.

SEAN S. PIGGOTT, Submits this memorandum of law in support of his motion to deny Summary judgement, brought by defendant DENNEHY.

### INTRODUCTION

THE PLAINTIFF, SEAN S. Piggott, "(PIGGOTT)" is an inmate currently in the custody of the FLORIDA DEPARTMENT OF CORRECTION, "(F.D.O.C.)".

PIGGOTT, Filed this suit on APRIL 4th, 2005, while incarcerated and in the custody of the MASSACHUSETTS DEPARTMENT OF CORRECTION, "(M.D.O.C.)".

MS. DENNEHY, is the former commissioner, and defendant in this action. All other defendant's have been dismissed.

This Court issued a memorandum and order of dismisial (P#5) on JUNE 25th, 2005. IN it's order, the Court dismised the "(F.D.O.C.)" AND the "(M.D.O.C.)" as defendant's.

This Court dismissed Defendant's MS. DENNEHY, as well as MR. CROSBY in there official capacities.

ON JANUARY 12Th, 2006, on defendant CROSBY's Motion, this Court dismissed the claims that had been asserted against CROSBY in his individual capacity.

This Court Dismissed PIGGOTT'S Claim in November 2006.

This Court REOPENED PIGGOTT'S Claim in DECEMBER 2007.

## STATEMENT OF FACTS.

PLAINTIFF, brought suit while confined in the STATE OF MASSACHUSETTS, and in the defendant's custody. MS. DENNEHY, was the commissoner of correction at the time this Suit was brought.

PLAINTIFF, PIGGOTT, while serving sentences imposed by Massachusetts Superior Courts, within the confines of the (M.D.O.C.), was housed in SHIRLEY MASS. AT SOUZA BARONOWSKI Correctional Center. (S.B.C.C.). Sentences were imposed in 1996. (complaint) Pg. 6, 13,)

ON or about JANUARY 2000 PIGGOTT was sent by Massachusetts athorities - threw a (Procecutors) Request For untried chareges to West Palm Beach FLORIDA.

Pursuant, to the <u>INTERSTATE AGREEMENT ON DETAINERS, (I.A.D.)</u>, PIGGOTT, was asigned counsel threw the public defenders office in and for (W.P.B.).

Defender, STEVE BENNIDICT, was counsel of record for trial as well as pretrial proceedings. (Complaint, Pg. 21-26).

PIGGOTT, filed motion to dismiss counsel on 10/30/00.

Motion denied by JUDGE RICHARD R. WENNET.

PIGGOTT, was unable to appeal to the Fourth District Court of APPEALS, (4TH D.C.A.), as with many motions on exhibit with this Court See Exhibits "J," P, Q, and R."

Subsequentlly piggott was sentenced to five natureal life sentences.

PIGGOTT, beleives these departure sentences were and are illegal, and he was unable to participate in his direct appeal.

These sentences were imposed from + after or consecutive to Piggott's Mass. Sentences, imposed in 1996. See Exhibit ("R." of Complaint.)

The same public defenders office known as the Appeals division represented piggott in some sort of Absenteeism, while he was serving his Mass. sentences. Piggott, was denied motion for (ADTESTIFUCUNDUM) by Judge ALVEREZ. Prematurely.

PIGGOTT'S, APPEAL To the (4Th D.C.A.) was P.C.A.Ed., IN FACT Piggott threw motion To the (4Th D.C.A.) was granted a Rehearring, and was P.C.A.Ed., as a direct Result of haveing NO FLORIDA case Law, NO FLORIDA procedures and NO-co-operation by (M.D.O.C.) officials IE: inter Law Library Requests or direct Requests To Classification.

PIGGOTT, was unable to participate in his direct Appeal as a MASS. Prisoner, Serving a MASS. Sentence, with a From and After Life Sentence For the State of FLORIDA.

PIGGOTT, claims the inaction on commissioner DENNEHY'S part was the cause of his inabillity To participate in his direct Appeal and to have timely started his 3.850 motion and that his appeal Lawyer Failed him on a 3.800 motion By looseing APPRENDI V. NEW JERSY.

As a Result of trial and sentenceing in FLORIDA, PIGGOTT, Returned To (M.D.O.C.) to continue serving his Mass. Sentences.

Piggott, Requested to be Furnished and provided with FLORIDA Legal materials From both the (M.D.O.C.) and (F.D.O.C.) and was denied, For post conviction Releif 3.850 and 3.800.

PIGGOTT, continued his pursuit of legal Resorces From his Return To (M.D.O.C.) in 2001, until August 8Th, 2006, when he was transfered by Air To start his Life sentences within the (F.D.O.C.).

These sentences are illegal as the score sheet guidelines were fifteen to twenty five years for sentenceing. The upward departure was beyond the twentyfive percentile and are subject too attack under (FLA. R. CRIM. Proc. 3.800 and or 3.850 post conviction motions, these avenues were denied to Piggott by Ms. DENNEHY, as was his acess to other post conviction motions filed within this original complaint.

PIGGOTT, complains he is barred from time for federal Habeas Corpus Review as time has preciously sliped by as a result of this original complaint.

### ARGUMENT.

In order to overcome a motion for Summary Judgement, the non-moving party must come forward with "specific, provable facts which establish that there are triable issues." FEBUS-RODRIGUEZ V. BETANCOURT-LEBRON, 14 F.3d. 87, 91 (1st Cir., 1994).

For a dispute to be "genuine" there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. SEE. UNITED STATES, ONE PARCEL OF REAL PROPERTY, 960, F.2d. 200-204 (1st Cir. 1992).

PIGGOTT'S, complaint as stated in ("Complaint" Pg. 1.) alleging inter alia ongoing

Violations of his Constitutional Rights, by failing to provide him with adequate Law Library materials, namely FLORIDA CASE LAW, FLORIDA PROCEDURES, for post conviction releif to fight his convictions and to file meaningful papers while serving his (M.D.O.C.) sentences has violated his First and Fourteenth Amendments as well as established UNITED STATES LAW OF THE LAND. SEE. DONALD A. LEHN V. MICHEAL L. HOLMES, 364 F. 3d. 862 (7th Cir. 2004).

Thus creating a liberty interest, as Plaintiff says had he been provided, he may have secured his Freedom.

Defendant, does not dispute the issue at Bar that "PIGGOTT" while serving a (M.D.O.C.) sentence asked, begged and pleaded with every possible remidy availible to him to gain access to FLORIDA LAWS to fight his wrongful convictions, as well as his Illegal Sentence.

"Defendant, Admits in no uncertain terms that both agencies refused to provide prisoner PIGGOTT's request for meaningful access to the FLORIDA COURT'S." In violation of his State and Federal Rights.

PIGGOTT, contends he tried to get classified to the STATE of FLORIDA, under the (I.A.D.) and was denied by the commissioners office

After haveing been approved by several classification committies with a 3-0 vote to go to the STATE OF FLORIDA as a (M.D.O.C.) prisoner.

In order that PIGGOTT may have fought his convictions under FLORIDA procedures.

Traditionally claims of an inadaquate LAW LIBRARY are "CORE CLAIMS."

Claims of inadaquate legal suplies are not.

PIGGOTT, claims actual injury has been committed by Defendant DENNEHY, whom was aware of PIGGOTT'S, requests for access to the Courts, and denied regularly or at least every six months.

Actual injury occures where PLAINTIFF, haveing been denied acess to the FLORIDA COURTS, by the Defendant, caused PIGGOTT to wait years to attack post conviction releif of sentences imposed in 2001 by a FLORIDA DISTRICT COURT.

Further Defendant's, inaction on PIGGOTT's behalf caused PIGGOTT to wait years to file meaningful legal papers with reguard to his illegal sentence. Under (FLA. R. CRIM. P.) 3.800, as well as his post conviction releif motion 3.850. PIGGOTT, was denied access to these procedings for years by the Defendant, and as a prisoner in the custody

of the (M.D.O.C.) while under sentence of the STATE OF FLORIDA, PIGGOTT was denied access to particapate in his direct appeal or in any and all procedings held in his absents.

PIGGOTT'S, requests to be transfered under the (I.A.D.) were denied, "NO COMPELLING NEED." These classification practices by the Defendant, as well as her designees are unlawfull and show constructive knolage and full awareness of Piggott's requests.

KATHLEEN DENNEHY, was the commissioner of correction and responcible for the overall care and custody of the prisoner PIGGOTT, the Plaintiff in these procedings. That as the commissioner Ms. DENNEHY is responcible for the actions of the employee's within the (M.D.O.C.) IE: her designees.

See a multitude of exhibits with reguard to Classification issues.

PLAINTIFF, went so far as to attempt a PAROLE from the Mass. Sentence too the FLORIDA Sentence. And was denied in 2003.

PIGGOTT'S claim of harm at the hands of commissioner DENNEHY are refuted no where, only that she claims "Qualified IMMUNITY,"

PIGGOTT'S, claim for deprivation of constitutional rights of access to Courts does alledge (1) Cause of inaction by Defendant

has caused him to be housed at a (Level Six) Facility known as Souza Baronowski Correction Center (S.B.C.C.) from his return from trial within the State of Florida in 2001, until his sentence expired August 8th, 2006.

When Piggott was transfered by Air to start the multitude of life sentences within the (F.D.O.C.).

Piggott, strongly argues that his rights of substancive due process under the <u>Fourteenth Ammendment to the United States Constitution</u> have been blatantlly, arbitrarily, and capriciously, violated where as, in exercising his Sixth Ammendment right and/or attempting to exercising said right that the Defendant is responsible for the policys + proceduers in place in which every six months Re-Evaluates prisoners such as the Plaintiff, is being abused to his detriment.

That Mr. Piggott's positive adjustments warranted lowwer security thereby access to Law Books that were not availible at the Maximum Security at (S.B.C.C.), See Exhibits ("JJ", "KK", and "LL.")

Albeit, Such is without any meaningful use, and thereby, at Bar proves to be futile. Accordingly, <u>(103 C.M.R. 420, et seq.</u> (The D.O.C.'s) own Code of Massachusett's Regulations

which is A STATE CREATED Liberty intrest was Violated, causeing PLAINTIFF, irreputable harm.

PLAINTIFF, was held in the STATES MAXIMUM SECURITY AT (S.B.C.C.) AS A direct result of the FLORIAN SENTENCES.

Although PIGGOTT met the requirements AND was approved by MANY three member panels of classification members to go to Lower security, PIGGOTT was denied by the commissioners office.

Where others similarly situated are afforded lower security AND OR access to other prison LAW LIBRARIES as well as programs to educate, PIGGOTT, but for the unresolved out of STATE issues was in fact, AND unrefutedly denied.

(2) That these deliberate acts of this official STOPED his ability to litigate the FROM AND AFTER SENTENCE. That this defendant's behavior has caused emotional and mental distress. That those actions are compensable AND regaured less of actual damages this PLAINTIFF would be entitled to Nominal damages if he prevails.

At a minimum appellants' allegations and the record developed thus far assert a claim for damages for mental and emotional distress arrising from Defendant's failure to observe Plaintiff's procedural rights that could be compensable.
<u>See, CAREY V. PIPHUS 435 U.S. 247, 258-59, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).</u>

Moreover reguardless of actual damages Plaintiff could be entitled to nominal damages if he prevailed. Id. at 266, 98 Ct. 1042.

This action therefore is not MOOTED simply by his being transfered to the STATE OF FLORIDA.

Furthermore, as a prisoner in the (F.D.O.C.) and the (M.D.O.C.) being a party to the (I.A.D.) this prisoner could very well return to the (M.D.O.C.) and be faced with the same delema, of access to FLORIDA LAW.

Nor is PLAINTIFF's, claim necessarilly extinguished by MEACHUM AND MONTANYE; those cases rejected the theory that the Due process clause alone protected appellant from deprevation of his conjugal rights and minimum custody status without procedural safeguards, absent STATE LAW or practice which give rise to a right or justifiable expectation that the prisoner's degree of confinement will change

only for certain reasons or after certain procedures.

SEE. <u>MONTANYE V. HAYMES SUPRA,</u> <u>427 U.S. AT 242, 96 S. Ct 2543.</u>
<u>MEACHUM V. FANO, SUPRA. 427</u> <u>U.S. AT 226-228, 96 S. Ct. 2532.</u>

DEFENDANT'S, MOTION (Pg. 4) par.(2) "The claim for Declaratory Relief are Mooted."

(1) PIGGOTT, could be transfered to (M.D.O.C.) as a prisoner of the (F.D.O.C.) and under the (I.A.D.) and would be subject to the same delema.

(2) PLAINTIFF, has need of This Honorable Court for a ruleing on declaratory releif to be provided to the FLORIDA COURT, JUDGE RICHARD WENNET to prove and satisfy (FLA. PROC.'s) of PLAINTIFF'S, Good Faith efforts to Secure FLORIDA LAW as a MASS. prisoner attempting to challange convictions imposed in 2001. While held out of STATE.

Defendant's, MOTION (Pg. 5)(PAR. 2) "The Remaining civil Rights claims against MS. NENNEHY should be dismissed."

The previously recognized "SUBJECTIVE" aspect of "QUALIFIED" or "Good Faith" immunity — whereby such immunity is not available IF the official asserting the defense "Took the action" with malicious

intention to cause a deprevation of Constitutional rights, or other injury," SEE... WOOD V. STRICKLAND, 420 U.S. 308, 322; 95 S. CT. 992-1000; 43 L.ED. 2d 414— Frequently has proved incompatable with principle that insubstancial claims should not proceed to trial. SEE. HARLOW V. FITZGERALD, 457 U.S. 800, 818 (1982).

Important factor in determining weather government actor who is a supervisor is liable to the extent she has encouraged, condoned, aquiesed, or been deliberately indiferant to behavior of his subordinates is weather official was put on notice of behavior which was likely to result in violation of constitutional rights of prisoners.

The record can-not refute that defendant, (MS. DENNEHY, was put on notice). It is clearly established that commissioners office as well as a multitude of agents throughout the (M.D.O.C.) were well aware of PLAINTIFF's requests and the purpose of those requests.

On motion for Summary Judgement in case in which defence of "Qualified Immunity" is raised, relevant question is weather reasonable official would have beleived actions were lawfull in light of clearly established LAW, and information official possessed at time of alledged unlawfull conduct.

PLAINTIFF, supplied Defendant with case law in UNITED STATES V. DONALD A. LEHN 364, F.3d 862 (2004). that states clearly, while defendant chose to use the FLORIDA status against PIGGOTT, Defendant must provide PIGGOTT with out of STATE CASE LAW, IN order that he may file meaningful papers.

PLAINTIFF, must establish a particular Defendant whom violated Federal LAW.
PLAINTIFF, identifies Kathleen DENNEHY commissioner of (M.D.O.C.) at the time of injury and complaint.
Factual dispute is "GENUINE" and precludes summary judgement if evidence about fact is such that reasonable jury could resolve point in favor of NON-MOVING PARTY.
Fact is "MATERIAL" so that issue about the fact precludes summary judgement if fact is one that might affect outcome of suit under governing law.
UNDER EQUAL ACCESS TO JUSTICE ACT (E.A.J.A.) it is governments burden to show, by preponderance of evidence that it's underlying Agency's position and it's litigation position were substancially justified.

Abuse of discretion standard applies in reviewing appropreateness of District Court's determination, of weather Governments underlying agency position and it's position were substancially justified within the meaning of (E.A.J.A.) 28. U.S.C.A. § 2412. MCDONALD V. SECRETARY of H.H.S., 884 F.2d. 1468-1475 (1st Cir. 1989).

U.S. V. YOFFE, 775 F.2d. 477, 450 (1st Cir. 1985).

In order to carry the devior of persuassion, the Government must show that it had a reasonable basis for the facts alledged, that it had a reasonable basis in law for the theories it advanced, and that the former supported the latter. See. SIERRA CLUB V. SECRETARY OF ARMY 820 F.2d 513-517 (1st Cir. 1987).

Where a complaint seeks equitable releif as well as monetary releif, the court is required to present the legal claims to the jury prior to any factual resolution on the equitable claim, fact that a declaratory judgement is sought does not affect such requirement.

Basic purpose of damages award under Civil Rights Act of (1871), should be to compensate persons for injuries caused by deprivation of constitutional rights. Should be tailored to the intrests protected by the particular right in question. See. Bounds V. Smith, 430

(16)

U.S. 817, 97 S.CT. 1491 (1977).
  <u>LEWIS V. CASEY</u>, U.S. 116, S.CT. 2174 (Date?).

And thus such awards should be govened by the principle of compensation as requested in (Complaint), 42 USCA § (1983).

Because the right to procedural due process is "ABSOLUTE" in the sence that it does not depend upon the merits of a claimant's substantive assertations, and because of the importance to organized society that procedural due process be observed, the denial of procedural due process should be actionable for nominal damages without proof of actual injury.

Defendant's Motion (Pg 6) bottom par.

The defendants claim, that PIGGOTT had no right to FLORIDA legal materials durring the time he was incarcerated in (M.D.O.C.) from 2001 - until 2006, that PIGGOTT was not currantly an inmate of the (F.D.O.C.) but rather a potecial inmate,

Is refuted by the record. PIGGOTT asked to fight Post Conviction that could only be had by FLORIDA PROCEDURES, (3.850) as well as, (3.800) as well as being suplied with access to file meaningfull papers to, the FOURTH D.C.A. on Re-hearring which PIGGOTT was forced to do while in the



custody of (M.D.O.C.). Re-hearring was (P.C.A. Ed.) as a direct result of defendant's actions in this cause.

That "Time is Tolled" is a matter of Law. Which is arguable by the procecutors office and PIGGOTT will need to prove to the trial court his good faith effort.

That Counsel represented PIGGOTT during portions of his time durring incarceration in (M.D.O.C.) are the focus of the requests for FLORIDA PROCEDUER (3.850) (ineffective assistance of trial counsel), may be challanged under (FLA. R. CRIM. P. 3.850) which PIGGOTT was denied. That appellate counsel was defective in his brief, and PIGGOTT, wrote a notorized letter explaining said defect (Exhibit in Complaint) and was completely ignored and said brief was filed and denied (P.C.A. ED) is actionable under (FLA. R. CRIM. P.) and PIGGOTT was denied his ongoing requests for access to these materials.

Again CASE LAW throughout these arguments show PIGGOTT's claim is sound and supported.

PIGGOTT, does claim and alledge that MS. DENNEHY's conduct, knolage of the complaint before, durring and

(18)

through out her controll over Piggott was "Extreme and Outrageous," and this claim should go to trial as there are many issues of material fact, as well as genuine issues for a trier of fact, for determination.

### Conclussion

For the forgoing reasons stated herein Plaintiff; requests this Honorable Court not grant Summary judgement. And moves for Trial as did Defendants counsel in a previous motion before this Court.

Respectfully Submitted.

Sean S. Piggott
Pro-Se. B03732
Dade C.I
19000 S.W. 377th St.
Florida City, Florida.
33034

Dated 2/20/2008